FRANK S. BROWNFIELD, Respondent, v. MERCAN-TILE TOWN MUTUAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, April 2, 1900.

1. **Insurance**: STATEMENT AND PROOF OF LOSS: PLANS AND SPECIFICATIONS: DUTY OF INSURER. Where a policy requires the plans and specifications of a burned building as part of the proofs of loss it is the duty of the insurer under the act of 1895, to furnish blank forms for such plans and specifications.

2. ———: ———: WAIVER: REVIVOR. Where the insurer requests the insured to make out plans and specifications and hold and deliver the same to a common adjuster of himself and other insurers, he thereby waives the presentation of such plans and specifications to himself and can not subsequently revive the condition of the policy which his waiver struck from the contract.

Appeal from the Holt Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Fyke, Yates, Fyke & Snider* for appellant.

(1) The defendant being a town mutual insurance company, is exempt from the provisions of R. S. 1889, ch. 89, including the valued policy law, and had the right to demand plans and specifications, not only of the machinery damaged and destroyed, but of the two buildings as well. Warren v. Ins. Co., 72 Mo. App. 188. (2) No pretense is made that any plans or specifications of the machinery were ever furnished to the company, and certainly suit could not be maintained until this was done. (3) The company could not ascertain or estimate the amount of plaintiff's loss until after receipt by it of the information with reference thereto, which the policy conditions gave it the right to require, and by the policy conditions the loss did not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss required had been received by the company at its general office. Spare v. Ins. Co., 19 Fed. Rep. 14. (4) The plans and specifications are a part of the proofs of loss and are certainly necessary to the ascertainment and estimate of the amount of loss. Ins. Co. v. Hocking, 115 Penn. 398. (5) Where proofs are amended or completed after the first proofs are served, the sixty days within which the loss is payable begins to run from the time the proofs are fully complete. Kimball v. Ins. Co., 8 Bosw. 495.

*John W. Stokes* and *John Kennish* for respondent.

(1) Plans and specifications are not a part of the proof of loss, required to be furnished sixty days before payment is

due from the company, and were not so regarded by the defendant. Ins. Co. v. Hocking, 115 Penn. 398. (2) Respondent contends that appellant waived the furnishing of plans and specifications for the following reasons: No blank for that purpose had been furnished by defendant. Session Acts 1895, p. 195; Warren v. Town Mutual Co., 72 Mo. App. 188. The defense that plans and specifications were not furnished, to be available, should be pleaded and it should be alleged that blanks were furnished or offered to plaintiff by defendant. Meyer Bros. v. Ins. Co., 73 Mo. App. 166. (3) Defendant had entered into an arrangement with plaintiff and the other companies, that plans and specifications should be retained at Craig to be used by all companies when they, or a representative of all, should come to adjust the loss. Clark v. Ins. Co., 61 Mo. App. 181. (4) The defendant recognized its liability after failure to furnish plans and specifications. And recognition of liability is evidence of waiver. Fink v. Ins. Co., 66 Mo. App. 513. (5) If there is any evidence tending to prove a waiver it is a question of fact for the jury, or the court sitting as a jury, and the judgment will not be reversed. Summers v. Ins. Co., 45 Mo. App. 46.

SMITH, P. J.—This was an action on a policy of insurance issued by defendant to plaintiff and covering six distinct items.

First, on elevator building; second, on machinery; third, on boiler and engine; fourth, on corn meal feed mill; fifth, on frame office building, and, sixth, on grain and seeds in elevator. There was trial before the court without a jury and finding for plaintiff for the amount sued for. At the close of all the evidence the defendant asked the court to declare the law to be that under the pleadings and the evidence the plaintiff was not entitled to recover, which the court de-

clined to do.   The refusal of this demurrer is assigned as error upon the single point that the plaintiff's action was prematurely brought.   The suit was brought on March 24, 1898.   The policy provided that the sum for which the company is liable shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of the loss have been received by the company in accordance with the terms of the policy.   It also gave to the company the option to take all or any part of the property insured at its ascertained or appraised value, also to repair, rebuild or replace the same, upon giving notice within thirty days of its intention so to do after the receipt of the required proofs.   The policy required the rendition of proofs of loss to the company at its general office within sixty days after the fire, also the furnishing, if required by the assured, of verified plans and specifications of any building or machinery destroyed. At the conclusion of these provisions, the policy reads: "The loss shall not become payable until 60 days after the notice, ascertainment, estimate and satisfactory proof of loss herein required have been received by the company at its general office."   The fire sued for occurred on December 5, 1898; on December 15, thereafter, the company furnished to the insured blanks for making up proofs of loss accompanied with a request for plans and specifications of the buildings and machinery covered by the policy, but no blank forms of the same were furnished plaintiff by defendant.   On January 7, 1898, the plaintiff produced on the blank form furnished by the defendant, proofs of loss.

The plaintiff had policies in other companies for $3,600 covering the property, of which fact the defendant was apprised.   After the defendant had received notice of the loss it requested the plaintiff to prepare his plans and specifications of the buildings and machinery destroyed, and to hold them until it could make some arrangement with the other

companies in respect to the adjustment of the loss, and until all of such companies should agree upon a common agent and send him to plaintiff to adjust the entire loss. Pursuant to this agreement plaintiff did prepare such plans and specifications and held them until a short time before this suit was brought, when the defendant informed plaintiff that no agreement could be made with the other insurers in relation to the adjustment, and when it renewed its request for the production of the plans and specifications. It is not contended that the production of the plans and specifications is a condition precedent to the plaintiff's right to indemnity under the policy, but that it is as to its right to sue.

This condition was no doubt inserted in the policy by defendant for its own convenience and it could therefore waive the performance thereof if it chose to do so. The plaintiff insists that the defendant by failing to furnish him with blank forms for making out the plans and specifications thereby waived the production of the same; and in support of this insistence he relies upon that provision of the statute—Acts of 1895, p. 195—which provides that it shall be the duty of the insurer to furnish to the insured such "blank forms of statements and proofs of loss as it may desire to be filled out in regard to the time, origin and circumstance of the fire causing such loss, * * * the lists and description and quantity of property destroyed or damaged, and of the property saved, and the original cost of such property and the cash value thereof at the time of the fire," etc., and that for a failure to furnish "blank forms of statements and proofs of loss to the insured" it shall be deemed to have waived the requiring of any such statements and proofs of loss at the hands of the insurer upon suit brought upon the policy, and that it shall not, in such case, be heard to complain of such failure of the insured," etc.

The terms "statement and proof of loss" comprehend all

the information in relation to the subject of the loss, which the insurer is entitled to demand under the provision of the policy, including the "plans and specifications." The latter terms, as used in the policy, mean no more than a particular description of the dimensions, peculiarities, materials, etc., of the property destroyed. If the defendant needed information of this kind to enable it to determine whether it would pay the insurance or any part of it, or whether it would replace the property, it should have furnished the plaintiff with blank forms sufficiently indicating the information desired, and failing to furnish such blanks it must be held, under the statute, to have waived its right to the production of the information that would have been afforded by such blanks when filled in.

Although the defendant on receipt of the notice of the loss requested the plaintiff to produce plans and specifications of the property destroyed, yet as it afterwards further requested the plaintiff to make out such plans and specifications and deliver the same when called for to the adjuster for all of the insurers having policies on the property instead of to it, it thereby waived the condition in the policy requiring plaintiff to furnish it the plans and specifications. It is true, that more than sixty days after this, when it found it could not get all of the insurers affected by the loss to join it in the appointment of a common adjuster to act for them, that it again requested the plaintiff to furnish such plans and specifications, but as it had already waived performance of the condition it could not revive the same without the consent of plaintiff, which it did not obtain. The condition was in effect stricken from the policy and could not be again invoked by defendant.

It seems to us that the evidence adduced was sufficient to authorize a finding by the jury that there was a waiver by the defendant of the condition of the policy requiring the

production by the plaintiff of the plans and specifications of the property destroyed.

This being so, the court was not authorized to direct the jury, in effect, as requested by defendant, that the plaintiff's suit was prematurely brought and to so find. The suit was therefore not brought until sixty days after the proofs of loss were furnished.

The judgment must be affirmed. *Ellison, J.,* concurs. *Gill, J.,* not sitting.