M. G. ROBERTS, Respondent, v. INSURANCE COM-
PANY OF AMERICA, Appellant.

**St. Louis Court of Appeals, April 15, 1902.**

1. **Insurance, Fire: PROOF OF LOSS: WAIVER OF PROOFS OF
   LOSS: QUESTION FOR JURY.** The proofs of loss furnished did
   not comply with the terms of the policy, and that being true, it
   was incumbent on plaintiff, in order to recover, to show that proofs
   of loss had been waived by the company, and this issue being
   raised by the pleadings was one of fact, and should have been
   submitted to a jury for its verdict.

2. ———: ———: ———: **INSTRUCTIONS.** Proofs of loss being
   necessary under the terms of the policy to a recovery, instruc-
   tions authorizing a recovery on the policy irrespective of a waiver
   of proof of loss, are erroneous.

3. ———: ———: **ADJUSTER'S ACTS, THE ACTS OF THE COM-
   PANY.** The adjuster of a fire insurance company, as to the set-
   tlement of losses, is the representative of the company, and his
   acts, within the  scope of his authority, are the acts of the com-
   pany.

4. ———: ———: ———: **EFFECT OF WAIVING PROOFS OF
   LOSS.** Proofs of loss once waived by the company can not by a
   subsequent demand be made effective as a valid feature of the
   policy.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,*
Judge.

REVERSED AND REMANDED.

STATEMENT OF THE CASE.

The petition is on a policy insuring the plaintiff against
loss by fire of certain personal property described in the peti-
tion and in the policy.   It is alleged that on the . . . day of

January, 1900, while the policy was in force, all of the property insured was destroyed by fire and was a total loss to plaintiff; that plaintiff complied with all the conditions of the policy and had repeatedly demanded a settlement and payment of the loss, which had been refused by the defendant.

The answer admitted the issuance of the policy. As a special defense it is alleged in the answer that the policy provided that within sixty days after the fire, unless the time was extended in writing by the defendant, the plaintiff should render a statement to the defendant, signed and sworn to by him, stating his knowledge and belief as to the time and origin of the fire, his interest and the interest of all others in the property, the cash value of each item thereof and the amount of loss thereon; by whom and for what purpose the building described in the policy or any part thereof was occupied at the time of the fire and, if required, furnish a certificate of a magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he had examined the circumstances and believes the insured has honestly sustained the loss to the amount as such magistrate or notary shall certify; that the loss should not become payable until sixty days after the notice containing an estimate and satisfactory proof of the loss provided for in the policy had been received by the company; that the defendant in accordance with the law had provided and furnished plaintiff with blank proofs of loss but that the plaintiff had wholly failed and refused to furnish any proofs of loss required by the policy. The answer denied all other allegations of the petition.

The reply was, first, a general denial.

Second, a plea of waiver by defendant of the conditions and requirements set out in the answer in respect to proofs of loss.

The issues were submitted to a jury. Plaintiff introduced the policy which insured the plaintiff against loss by

fire as follows: One hundred and twenty dollars on surgical instruments, etc., thirty dollars on instruments cases, book case, sofa and tables; one hundred and fifty dollars on books and library, sofa and chairs, in the office. The policy contained the stipulations set out in the answer in respect to furnishing proofs of loss and further provided "that no suit or action on the policy shall be sustainable in any court of law or equity until after full compliance by the insured with the requirements in respect to furnishing proofs of loss." The policy contains a three-fourths value clause whereby it is provided and agreed to be a condition of the insurance, "that in the event of loss or damage by fire to the property covered by this policy this company shall not be liable for an amount greater than three-fourths of the actual market value of each item of said property (not exceeding the amount insured on each such item) at the time immediately preceding such loss or damage."

Plaintiff introduced testimony tending to prove that the building, in which his office was situated, and most of the articles insured, were destroyed by fire on the nineteenth day of January, 1900, which fire originated in a building four doors removed from his office, and that the value of the property covered by the insurance, over and above what was saved, was of the value of from four hundred and ten to four hundred and fifteen dollars.

L. R. Phillips, the local agent of the defendant at Conway, Missouri, where the fire occurred, testified that he signed the policy and delivered it, as agent, to the plaintiff and that he was acquainted with D. R. Davenport, the adjuster of the company; that he notified Mr. Davenport of the fire; that the company had several other policies besides the plaintiff's on other property that was destroyed in the same fire and that he wrote Mr. Davenport about all of them and Mr. Davenport came to Conway about the last of January or the first of February to adjust the losses and that he did adjust some of them and took up the loss of the plaintiff but that he and the

plaintiff failed to agree. When Mr. Davenport was going away he said to him, "You had better leave proofs of loss for these men as they will likely want to make their proof of loss," and Mr. Davenport replied, "that proof of loss would not be necessary, that he only had one and that he was going to St. Louis and his being there would waive the proof of loss of these parties" (referring to the parties with whom he had failed to make settlement). That the plaintiff afterwards asked him (the witness) about making the proof of loss and that he "told plaintiff what Mr. Davenport had told him;" that he said to Roberts that he had asked Mr. Davenport for the blank proofs of loss for him and Davenport said his being there would waive the proofs of loss. That at the time of these conversations with Davenport and the plaintiff, and up to the middle of June of the same year, he was the agent of the defendant and attended to its local business at Conway, Missouri.

The plaintiff testified that Phillips, the agent of the defendant company, told him that he would not have to make out proofs of loss that the general agent coming there would waive that and that he (plaintiff) would not be put to the necessity of making out proofs of loss.

On cross-examination of Phillips and plaintiff it was shown that after Mr. Davenport had been to Conway and after plaintiff had been informed it would not be necessary for him to make out proofs of loss, Mr. Davenport furnished to plaintiff, through the mail, blank proofs of loss and informed him by letters that it would be necessary for him to make these proofs before his claim could be adjusted and settled by the defendant; that plaintiff, with the assistance of Phillips, did undertake to make out the proofs of loss which proofs were introduced in evidence by the defendant and were shown to be inadequate and incomplete and failed in material parts to

Vol 94 app—10

fulfill the requirements of the policy in respect to proofs of loss.

Defendant also introduced and read in evidence letters from Mr. Davenport to the plaintiff; one dated March 10, 1900, another April 16, 1900, another April 27, 1900, all of which notified the plaintiff that proofs of loss, in compliance with the requirements of the policy were absolutely necessary to enable the company to adjust the loss and that those furnished were not sufficient. In the letter dated April 27, 1900, Mr. Davenport pointed out specifically wherein the proofs of loss were defective and gave instructions to plaintiff how the proofs of loss should be made and furnished him with additional blanks.

In rebuttal plaintiff testified that he was willing to do almost anything to get a settlement of the loss and that he thought when he made the proofs that he had done all that was called for; that he did not undertake to make out second proofs of loss.

For the plaintiff the court gave the following instructions:

"No. 1. The court instructs the jury that if they believe and find from the evidence that the defendant issued to the plaintiff the insurance policy sued on, by which the said insurance company insured the property destroyed by fire for a period of one year, and that while said policy was in full force and effect, and without any fault on the part of the plaintiff, the property was burned up and destroyed, they will find the issue for the plaintiff. And in arriving at the amount of plaintiff's damages the jury will ascertain the value of the property named as the first item of insurance, and if the property so destroyed was, at the time of the fire, of the value of one hundred and twenty dollars they will find for the plaintiff the sum of $120 on the first item. And they will ascertain the value of the property so insured as the second item of insurance, and if the property destroyed was

of the value of thirty dollars at the time of the fire, the jury will find for the plaintiff the sum of thirty dollars on the second item. And they will ascertain the value of the property so insured under the third item of insurance, and if the property so destroyed was, at the time of the fire, of the value of one hundred and fifty dollars, they will find for the plaintiff the sum of $150 on the third item of insurance."

"No. 3. The court instructs the jury that if they believe and find from the evidence that R. S. Phillips, the agent of the defendant company, about the first day of February informed the plaintiff that he need not furnish proofs of loss for the reason that the adjuster of defendant stated to him that his coming to adjust the loss waived the said proof, then the requirement of said policy for such proofs was waived by the said company."

And refused number five asked by defendant which is as follows:

"No. 5. The court instructs the jury that the valuations placed upon the property insured, in his application by the insured, is conclusive upon plaintiff and he is bound thereby; so that if you find for plaintiff in this cause, you will take the value of the property as fixed by him in his application and add thereto the value of such goods as he may have added to the property insured in his office and deduct from the aggregate of said amounts the value of the property saved from the fire, and three-fourths of the remainder will give the plaintiff the amount which he is entitled to recover if you find for him."

The jury returned the following verdict:

"We, the jury, find the issue for plaintiff as follows: On first item $120. On second item $30. On third item $150. We further find for vexatious refusal to settle loss a penalty of ten per cent of $30, to-wit, and attorney's fee of $——."

Defendant in due time filed its motion for a new trial

which was by the court overruled, whereupon defendant appealed.

The penalty of thirty dollars assessed by the jury has been remitted by the plaintiff.

*Fyke, Yates, Fyke & Snider* for appellant.

(1) The court erred in giving plaintiff's instruction No. 1. It ignores the issues raised by the answer. The evidence shows very clearly that plaintiff failed to make proofs of loss, as required. Unless proofs were waived he could not recover. The burden of establishing a waiver was on plaintiff, so that even if the evidence on that proposition was competent, and tended to prove a waiver, it was not for the court to say that it had been established. (2) There is no pretense that plaintiff complied with the requirement that he furnish a magistrate's certificate. Neither is there any pretense that the same was waived. The magistrate's certificate is no part of the proofs of loss, and a waiver of proofs of loss would not necessarily waive the certificate. Hence, it was not enough to entitle plaintiff to recover, for the jury to find "that the defendant issued to plaintiff the insurance policy sued on . . . and that while said policy was in full force and effect, and without any fault on the part of plaintiff, the property was burned up and destroyed." Noonan v. Ins. Co., 21 Mo. 81; Erwin v. Ins. Co., 24 Mo. App. 145; Fink v. Ins. Co., 60 Mo. App. 673; DeLand v. Ins. Co., 68 Mo. App. 277; McCullough v. Ins. Co., 113 Mo. 606; Johnson v. Ins. Co., 112 Mass. 49; Kelly v. Ins. Co., 141 Pa. 10; Lane v. Ins. Co., 52 N. W. R. (Minn.) 649; Logan v. Ins. Co., 13 Duval 270; Badger v. Ins. Co., 49 Wis. 389; Williams v. Ins. Co., 39 Fed. 167; Camwell v. Ins. Co., 39 Up. Can. Q. B. 1. Defendant's instruction No. 6, therefore, should have been given. (3) The measure of damages fixed by the instruction is wrong. Under the terms of the policy defend-

ant, if liable at all, is liable for three-fourths the value of each item of the property destroyed and no more.    Singleton v. Ins. Co., 45 Mo. 250; Blim v. Ins. Co., 85 Maine 389; 2 May on Ins. (3 Ed.), p. 981, sec. 425.    Defendant's instruction No. 5, therefore, should have been given.    (4)    The statute (sec. 7979, R. S. 1899), which provides, "No company shall take a risk on any property in this State at a ratio greater than three-fourths of the value of the property insured, and when taken its value shall not be questioned in any proceeding" does not mean that the measure of damage shall be the amount for which the property is insured (sec. 7969, R. S. 1901), because it does not say so.    Neither is there anything in the statute which can be construed to prevent the insurer from limiting its liability to three-fourths the value of the property destroyed.    The sole effect of this statute is to fix the value of the property when insured.

*J. W. Farris* for respondent.

(1)    "It is the general rule in such cases that to constitute waiver of proofs of loss, the insurer must have said something, or committed some act during the time stipulated for making proofs whereby the assured, acting as a reasonably prudent man, was induced to believe that such proofs would not be required."    Cohn v. Orient Ins. Co., 62 Mo. App. 271; Tittsworth v. Ins. Co., 62 Mo. App. 310; Porter v. Ins. Co., 62 Mo. App. 520; Loeb v. Ins. Co., 99 Mo. 50.    (2)    Appellant says, "There is no pretense that plaintiff complied with the requirement that he furnish a magistrate's certificate." The evidence shows that when Davenport, the adjuster, visited the place of loss to adjust the losses, that he stated to Phillips, the agent of the company, that "him and Roberts could not agree."    Phillips, the agent of the company, testified that they could not settle.    (3)    "When the negotiations of the parties leave as the only issue between them the value of the destroyed

property, it may be fairly inferred that defects in proof have been waived." Porter v. Ins. Co., 62 Mo. App. 520.

BLAND, P. J.—I. The court instructed and the jury found for plaintiff for the full amount of the insurance as fixed by the policy. Defendant's contention is that the recovery should not have exceeded three-fourths of the actual cash value of the property insured and that its refused instruction number five should have been given. The policy contains a clause limiting the right of recovery to three-fourths of the cash value of the property insured, not to exceed the amount of the insurance, and defendant's refused instruction should have been given as it correctly defined the measure of damages.

II. Instruction No. I, given for plaintiff, purports to cover the whole case and authorized a recovery by plaintiff if the jury should find the facts for plaintiff as hypothetically stated in the instruction. The instruction left out of view the question as to the proofs of loss or whether or not the proofs of loss were waived. Under the terms of the policy it was incumbent on the plaintiff to show affirmatively that he had furnished proofs of loss as required by the policy or that the furnishing of these proofs had been waived by the defendant. The proofs of loss furnished did not comply with the terms of the policy and it therefore became essential to plaintiff's right of recovery that he should establish that proofs of loss were waived. This issue was raised by the pleadings and should have been submitted to the jury as it was a question of fact whether or not the proofs of loss had been waived. Loeb v. Ins. Co., 99 Mo. 50.

No instructions were given for the defendant. Instruction No. 3, given for plaintiff, authorized the jury to find that proofs of loss had been waived if they found certain facts to exist, but the instruction does not predicate the right to plaintiff to recover upon the fact that proofs of loss had been

waived.    The two instructions (Nos. 1 and 3) can not, there-
fore, be considered together as presenting the whole case and
plaintiff was permitted to recover irrespective of a waiver of
proofs of loss.    The instruction is also erroneous as to the
measure of damages—three-fourths of the value of the prop-
erty destroyed is the damage fixed by the policy and the jury
should have been so instructed.

The adjuster of a fire insurance company, as to the set-
tlement of losses, is the representative of the company and
his acts, within the scope of his authority, are the acts of the
company.    McCollum v. Ins. Co., 67 Mo. App. l. c. 69-75.

When once waived the requirement that proofs of loss
should be furnished, is eliminated from the policy and could
not be revived by a subsequent demand of the company on
plaintiff to furnish proofs.    Porter v. Ins. Co., 62 Mo. App.
520.    If, therefore, it should be found that proofs of loss had
been waived, then the furnishing of defective proofs, in an
attempt to comply with the demand, can cut no figure in
the case.

For the errors above noted the judgment is reversed and
the cause remanded.    *Barclay* and *Goode, JJ.,* concur.