EXCHANGE BANK, Respondent, v. THURINGIA INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, November 28, 1904.

1. INSURANCE: Proofs of Loss: Waiver: Evidence. Proofs of loss are necessary unless waived, which is a mixed question of law and fact, each case standing alone and to be determined by the jury.

2. ———: Waiver: Evidence: Declaration. Certain offers of an insurance adjuster are held not made with the view of effecting a compromise, and, therefore, are admissible in evidence as bearing on the question of waiver.

3. ———: Proofs of Loss: Waiver: Evidence. Certain evidence summarized in the opinion is held sufficient to send the question of waiver to the jury.

4. ———: Waiver: Recalling. Where proofs of loss are once waived such waiver cannot be recalled without the consent of the assured.

5. EVIDENCE: Abandoned Pleading: Insurance: Arbitration. An answer in a former action on the same policy of insurance, setting out the arbitration clause in the policy, is admissible in evidence in a subsequent action where the issue is waiver of proofs of loss.

6. **INSURANCE: Proofs of Loss: Evidence: Arbitration.** Where an answer pleads a failure to arbitrate, it impliedly admits the necessary proofs of loss.

7. ———: ———: ———: **Instruct¹ons.** Certain instructions are held not repugnant, and, if so, not prejudicial, since the jury can reach but one verdict.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

AFFIRMED.

*Fyke Bros., Snider & Richardson* for appellant.

(1) The provision of the policy requiring proofs of loss, is, unless waived, a condition precedent to plaintiff's right to recover. Leih v. Ins. Co., 37 Mo. App. 542. (2) The form furnished by appellant embraced a bank form for magistrate's certificate. That was a sufficient requirement. Sullivan v. Ins. Co., 89 Mo. App. 106. Moreover, respondent was advised that compliance would be waived. Loesch v. Casualty Co., — Mo. —, 75 S. W. 624. (3) The court erred in admitting in evidence the answer filed by appellant in the previous case. Dezell v. Fidelity Co., — Mo. —, 75 S. W. 1102. (4) The court erred in permitting plaintiff's cashier to testify that Pinkney offered to adjust the loss if plaintiff would knock off $250. Such offer, if made, was in an effort to avoid a lawsuit, and, therefore, not admissible. Hunter v. Helsléy, 98 Mo. App. 620; Huetteman v. Viesselman, 48 Mo. App. 582; Fuik v. Ins. Co., 60 Mo. App. 673; Ferry v. Taylor, 33 Mo. 323. (5) The first instruction given for plaintiff and the instruction given by the court of its own motion are irreconcilable. (6) The court erred in overruling defendant's demurrer to the plaintiff's evidence.

*W. R. Robertson* for respondent.

(1) The fact alone that defendant's adjuster went to the place of loss, spent several days at investigation,

Bank v. Insurance Co.

inquiring fully of plaintiff as to all of the circumstances, investigated the value of the property destroyed and made no objections except to want to reduce the amount of the policy $250, constituted a waiver of the requirement in the policy for the furnishing of proofs of loss and certificate of notary public. Summers v. Ins. Co., 45 Mo. App. 47; McCullom v. Ins. Co., 67 Mo. App. 66; Porter v. Ins. Co., 62 Mo. App. 520; McNally v. Ins. Co., 33 N. E. 477, 137 N. Y. 389. (2) It was proper to admit in evidence the answer filed by defendant in the suit brought at Joplin. Murphy v. Ins. Co., 70 Mo. App. 86. (3) No error was committed by the court in permitting the witness, J. P. Stewart, to testify relative to a conversation had with the local agents of defendant company. Brennen v. Ins. Co., 99 Mo. App. 720; Nickell v. Ins. Co., 114 Mo. 425; Purcell v. Guar. Co., 94 Mo. App. 14; Disk v. Ins. Co., 95 Mo. App. 709; Loeb v. Ins. Co., 99 Mo. 58. (4) Abandoned pleadings in the same suit and also in another suit between the same parties relative to the same subject-matter, may be admitted in evidence and considered as any other declaration or admission of the party against whom it is offered. Bailey v. O'Bannon, 28 Mo. App. 46; Schad v. Sharp, 95 Mo. 576; Bowman v. Heating Co., 80 Mo. App. 636; Spurlock v. Railroad, 125 Mo. 406. (5) When the whole record in a case discloses that a judgment appealed from is for the right party it is the imperative duty of the appellate court to affirm it notwithstanding erroneous instructions may have been given and errors committed in the admission of testimony. Long Bros. v. Coal Co., 56 Mo. App. 611; Cass Co. v. Bank, 157 Mo. 137; Wagner v. Elec. Co., 82 Mo. App. 300; Bank v. Wells, 98 Mo. App. 578; McGannon v. Ins. Co., 171 Mo. 154; Edmonston v. Jones, 96 Mo. App. 92.

SMITH, P. J.—This is an action on a policy of fire insurance which contained a provision requiring the insured to furnish proof of loss and, if required,

the certificate of a notary public reciting certain specified facts, within sixty days after the fire. The answer pleaded this policy provision and a failure to comply therewith.

At the trial evidence was adduced tending to show that the fire happened July 2, 1902; that two or three weeks thereafter the defendant's adjuster, Pinckney, visited the scene of the fire and after many conferences with plaintiff's president and others, and after spending two days in investigating the cause of the conflagration, the extent of the loss, etc., proposed to such president that if he would "knock off" $250 of his claim, which was $1,000, it would be allowed—but to this, plaintiff's president would not agree; that later on defendant's adjuster, Lund, joined Pinckney in an attempt to adjust and settle the plaintiff's loss; that the former proposed to plaintiff's president that if he would "knock off" $200 of plaintiff's claim on account of the machinery that the claim would be settled—but this the plaintiff's president also declined, insisting that the loss was total and that the property covered by the policy was worth double the amount for which it was insured. No further steps seem to have been taken by either party looking to the adjustment until July 21, when the adjuster wrote the plaintiff referring to the latter's loss under its policy and requesting it to have "Dutch Gus"—an employee of plaintiff who had been in charge of certain machinery in the destroyed plant—make the affidavit enclosed and return it to him by first mail.

The plaintiff received this letter in due course of mail but was unable to locate the whereabouts of "Dutch Gus" for some days, and so the same was not answered until the 28th, when the plaintiff wrote the adjuster requesting him to make certain changes in said affidavit. On the 29th the adjuster replied to the plaintiff's letter of the preceding day saying that he

therein returned the affidavit corrected as had been re-
quested by plaintiff and asking the latter to return it
by an early mail. On the last-named date the plaintiff
wrote the adjuster enclosing the corrected affidavit duly
"executed" and expressing the hope that the same
would be satisfactory.

It appears that on the 28th, and before the adjuster
had heard from the plaintiff or received its letter en-
closing the affidavit, he had reached the conclusion that
the latter had not intended to procure and return the
affidavit to him and wrote the plaintiff to the effect
that, on July 21 he had written requesting the execu-
tion of the affidavit therein enclosed and to which he
had received no reply, and that he therefore concluded
that it was not plaintiff's intention to comply with said
request; hence, that he mailed therewith the statutory
proofs of loss and schedule paper for use in making up
and presenting any claim it made under the policy.
This letter also advised the plaintiff that none of the
policy conditions had been waived and that strict com-
pliance would be required, etc. It appears that defend-
ant's letter of the 28th was written on the same day
as that of the plaintiff returning the affidavit for cor-
rection. The latter was not received by the defendant
until the 29th, on which day it made the correction
and returned it to plaintiff. Afterwards, on the same
day, the plaintiff returned the corrected affidavit to the
defendant "executed" as requested and in which was
contained the expression that it "trusted the same
would be satisfactory," and referring in the same con-
nection to the letter of defendant enclosing corrected
proofs of loss and stating that it—the plaintiff—"did
not understand this, as we were of the impression that
this was all explained and made out to you when you
were here," etc. To this the defendant made no re-
sponse.

It is an indisputable proposition that a clause of
an insurance policy requiring the insured to furnish

proof of loss is a condition precedent and without the performance of which there can be no recovery unless there be a waiver. A waiver is a mixed question of law and fact, but each case must depend upon its peculiar facts and circumstances. It is a question of intention and a fact to be determined by the jury. [Ehrlich v. Ins. Co., 88 Mo. 249; Okey v. Ins. Co., 29 Mo. App. 105; Marchildon v. O'Hara, 52 Mo. App. 523; Stiepel v. Assn., 55 Mo. App. 224; Summers v. Ins. Co., 45 Mo. App. 46.] It is not required that a waiver be express. It may be implied from the acts and conduct of the agents of the insurer. There should, however, be some official act or declaration during the currency of the time dispensing with it—something from which the assured might reasonably infer that the insurer did not mean to insist on it. Summers v. Ins. Co., supra, and authorities there cited.

In the light of the principles just referred to, we think the acts and declarations of the defendant's adjuster was evidence to authorize the inference of a waiver. His offer to "knock off" was not made with a view of effecting a compromise. The plaintiff insisted to him that the property which was covered by the policy and had been destroyed by the fire was of a value greatly in excess of the amount of the policy. The latter contended that it was not equal to it by $200 or $250, and that if the plaintiff would take the value of the property as the adjuster thought it was, that he would settle the loss on that basis. The rule is that declarations made by a party looking to a compromise can have no rightful application to a case of this kind. [Hunter v. Helsley, 98 Mo. App. 616.] It follows that the evidence tending to prove the acts and declarations of the defendant's adjuster hereinbefore referred to was such as to justify the inference of waiver, and accordingly the court did not err in admitting it.

Adverting to the written correspondence prev-

iously set forth, and it will there be seen that when defendant's adjuster wrote plaintiff the letter of July 28, he had concluded that as plaintiff had not returned the "Dutch Gus" affidavit that it did not intend to do so, and in view of that he—the adjuster—enclosed to plaintiff proofs of loss with the advice that none of the conditions of the policy had been nor would be waived. This letter was written under a misapprehension of fact, for it appears that on the day it was written but at a later hour therein the adjuster received that of plaintiff enclosing the affidavit which had not before been received. The fair inference to be deduced from the adjuster's letter to plaintiff is that, if the plaintiff had sent the affidavit as requested then it had intended not to require any other proofs of loss—or, in other words, to require strict performance; but as it had not done so, he would require the same, waiving nothing. The omission to send the affidavit was the only reason assigned for sending the blank statutory forms of proofs of loss and the giving of the notice of non-waiver; and when it did receive such affidavit with a letter expressing the hope that the same "would be satisfactory" and then made no further request for proof of loss one must conclude that further compliance was intended to be waived. If the affidavit was not satisfactory to defendant why did it not say so? It was furnished in compliance with its request and if it was deemed insufficient and unsatisfactory common fairness would have prompted it to so indicate. After the plaintiff had written the letter enclosing the corrected affidavit, and had not within a reasonable time thereafter received any response to it suggesting any objections to the proof of loss, or requiring more, was this not sufficient to cause the plaintiff to believe that further performance was not required, but waived?

Under this interpretation of the correspondence the court perhaps would have been justified in declaring as a matter of law that it established a waiver. Such

a waiver could not be subsequently recalled without the consent of plaintiff (Porter v. Ins. Co., 62 Mo. App. 1. c. 530), of which there was no evidence.

Again, it appears that the plaintiff had brought a prior action on the policy here sued on and in which it was obliged to suffer a nonsuit. It further appears that in the answer in that action the defendant pleaded the arbitration clause and of that requiring proofs of loss and a failure of compliance on the part of the plaintiff. This answer the plaintiff, against the objections of defendant, was permitted to read in evidence. We can not doubt that under the authorities it was competent evidence. Its allegations of fact were declarations or admissions which the plaintiff was entitled to give in evidence. [Bailey v. O'Bannon, 28 Mo. App. 46; Bowman v. Globe Heating Co., 80 Mo. App. 635; Spurlock v. Railroad, 125 Mo. 1. c. 406, and cases there cited.] In it, as has been seen, were pleaded the arbitration clause of the policy and a failure to comply therewith. This amounted to an implied admission of waiver as to the proof of loss requirement. The arbitration clause could have been invoked only on the theory that there had been a fire and consequent loss for which there was liability, but a disagreement alone as to the amount of such loss. In such cases compliance with all the other conditions must be conceded before there can be an arbitration as to the amount to which the plaintiff was entitled under his policy. [Murphy v. Ins. Co., 70 Mo. App. 86.]

We think the evidence was ample to entitle the plaintiff to a submission of the issues to the jury.

As to the first instruction given for plaintiff and that given by the court on its own motion there is no serious repugnancy. In view of the conclusions herein previously expressed in respect to the inference to be fairly deduced from the defendant's silence after the receipt of the affidavit, we can not discover any such repugnancy in the instructions referred to, as the de-

fendant suggests. The latter, at most, only qualifies the former. In our opinion the jury, under the evidence, could not have found any other way than they did; and, therefore, the supposed error—if it was such in fact—in the instructions was not prejudicial.

No good reason has been assigned why we should overthrow the judgment which, accordingly, must be affirmed. All concur.