BURGESS, Respondent, v. MERCANTILE TOWN MUTUAL INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, October 2, 1905.

1. INSURANCE: Notice and Proofs of Loss. Conditions in a policy of fire insurance, requiring immediate notice of loss and proofs of loss within sixty days, are reasonable and must be complied with or waived before recovery for loss can be had.

2. ——: ——: Waiver: Effect of Waiver. Such precedent conditions may be waived expressly or a waiver by implication may be inferred from the acts and conduct of the insurer; the effect of a waiver operates to strike such conditions from the contract of insurance.

3. ——: ——: ——: Question of Law and Fact. The question of waiver is a question of law when it is an express waiver or when the evidence of waiver is so convincing that reasonable men could not differ as to the result of it; otherwise, and ordinarily, it is a question of fact for the jury or the court sitting as a jury.

4. ——: ——: ——: Intention. If the insurer with a knowledge of all the facts conducts himself in such a way as would lead a reasonably prudent person to believe he intended to waive such conditions, he will be held to have waived them, regardless of his real intention.

5. ——: ——: ——. Where the adjuster of an insurance company, after a loss, visited the premises and negotiated with the insured for a settlement at a reduction, basing his refusal to pay the entire claim upon the value of the loss and not upon a want of proof, such facts would justify the trial court in finding the conditions waived.

6. ——: ——: ——: Estoppel. Such conduct on the part of the insurer, leading the insured to believe that proofs of loss were unnecessary, works an estoppel in pais so that the insurer cannot thereafter deny responsibility on account of failure to furnish proofs.

7. ——: ——: ——: Recall of Waiver. The effect of waiver of proofs of loss is to strike such a condition from the contract of insurance, and a waiver once made cannot be recalled so as to reinstate such conditions in the policy.

8. ——: ——: ——: **Finding of Fact.** Although the trial court, in an action for loss on a fire insurance policy found the conditions relating to proofs of loss to be waived by a letter of the insurer to the insured, and although such letter did not of itself constitute a waiver, the finding will not be disturbed, where the letter referred to other facts detailed in evidence which would justify the finding.

9. ——: ——: **Notice.** Where a policy of insurance requires immediate notice of loss, as well as proofs of loss, the giving of the notice, or a waiver, is a condition precedent to the right to recover.

10. ——: ——: ——: **Finding of Fact.** Where the trial court makes a special finding of facts, it will be sufficient, if he finds all the facts essential to the recovery which are controverted by the evidence upon the trial; and in an action on an insurance policy, where the court found all the facts essential to a recovery, except that immediate notice of loss, conditioned by the policy, was given, the omission was not material if the evidence of the notice was not controverted, and if the finding by the court that proofs of loss were waived, necessarily involved a finding that the company had full knowledge of the loss.

11. ——: ——: **Pleading: Defense.** Where, in an action for loss on a policy of fire insurance, the petition alleged generally a performance of the precedent conditions, a general denial by the defendant did not put in issue the question of want of notice required by the policy.

12. ——: ——: ——: **Waiver.** In an action for loss on a policy of fire insurance, a general allegation of full performance of all the conditions of the policy will be sufficient to admit evidence of a waiver of proofs of loss and such waiver need not be pleaded in the reply.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing,* Judge.

Affirmed.

*Thomas T. Fauntleroy* and *Shepard Barclay* for appellant.

(1) The policy provides that two conditions precedent shall be performed by the insured, if fire occurs: (a) "If fire occur the insured shall give immedi-

ate notice of any loss thereby in writing to the company."
This is the first condition precedent; and (b) "Within
sixty days after the fire, unless such time is extended in
writing by this company, shall render a statement to this
company at its general office, signed and sworn to by
said insured, stating the knowledge and belief of the in-
sured as to the time and origin of the fire," etc. This is
the second condition precedent and it is incumbent upon
the plaintiff to "allege and prove" compliance therewith,
before he is entitled to recover. The provision in regard
to notice of loss is not to be confounded with, nor is it
the same as, the provision in the policy with reference to
proofs of loss being furnished. LaForce v. Ins. Co., 43
Mo. App. 528; Edgerly v. Ins. Co., 5 Ins. L. J. 848, 43
Iowa 587. That notice of loss is a condition precedent,
"required to be performed by the assured . . . and
without the performance of which, the plaintiff cannot
recover," is admitted by all the authorities. Porter v.
Ins. Co., 62 Mo. App. 528-9; Kyle v. Ins. Co., 11 Mo. 289;
Kirkman v. Farmers Ins. Co., 57 N. W. 953; Hayes v.
Ins. Co., 98 Mo. App. 417; McGookey v. Ins. Co., 33 Ohio
St. 559. (2) The clause in the policy that proofs of loss
must be furnished within sixty days after the fire is a
condition precedent, as to time, as well as what the
proofs of loss shall contain, and the burden is upon the
plaintiff to allege and prove the performance of this con-
dition. Else there can be no recovery. Shapiro v. Ins.
Co., 51 Minn. 239. (3) The burden is on the plaintiff
to allege and prove, (a) the making of the policy; (b)
all conditions precedent; (c) the performance of those
conditions, which he is bound to perform, and (d) the
happening of the contingency upon which the money is
to be paid. Kellogg v. Ins. Co., 5 Ins. Law Jour. 929.
"The rule is that where a condition precedent exists, the
performance of which is necessary to confer a right of
action, such condition must be alleged and proven."
Price v. Ins. Co., 77 Mo. App. 240. "Plantiff having
averred performance in one paragraph . . . the is-

sue in that regard was completed by the general denial, without the necessity of a special affirmative answer." Capehart v. Ins. Co. (Ind.), 8 N. E. 286. "The appellant was entitled to show in the general denial that the appellee had failed to comply with the conditions of the policy in this respect." Glenn v. Ins. Co. (Ind.), 40 N. E. 926; Cooledge v. Ins. Co., 30 Atl. 798. (4) "A waiver is an intentional relinquishment of a known right." Thomas v. Ins. Co., 47 L. R. A. 454; Findeisen v. Ins. Co., 10 Amer. & Eng. Corp. Cases, 534-5 (Vt.). "A waiver, to be effectual, must be intentional." Moore v. Ins. Co., 13 Am. St. Rep. 557, 62 N. H. 20. The company must have intended to waive. Allen v. Insurance Co., 64 N. W. 17. Findeisen v. Ins. Co., 10 Amer. & Eng. Corp. Cases, 535. A waiver can only be had which embraces the element of estoppel. Leigh v. Ins. Co., 37 Mo. App. 549; Underwood v. Ins. Co., 57 N. Y. 506; Everett v. Ins. Co., 21 Atl. 820; Cohn v. Ins. Co., 62 Mo. App. 275; Bolan v. Ins. Co., 58 Mo. App. 230; Hanna v. Co., 36 Mo. App. 539; Dautel v. Ins. Co., 65 Mo. App. 48; Watts v. Ins. Co., 87 Mo. App. 87. The insured must have been misled to his prejudice. Munier v. Insurance Co., 64 Ark. 593. That immediate notice of loss is a condition precedent and must be complied with, see Trask v. Ins. Co., 29 Pa. St. 198, 3 Ins. L. J. 534.

*Byrns & Bean* for respondent.

(1) The evidence was undisputed that appellant's agent nearest to the place of the loss gave it immediate notice of the loss; appellant acted on that information. This was a compliance with the statutes. Secs. 7977, Sess. Acts. 1901, p. 190. (2) The evidence is sufficient to sustain the court's finding of a waiver of proofs of loss. St. John v. Ins. Co., 82 S. W. 543; Bank v. Ins. Co., 83 S. W. 534; Summers v. Ins. Co., 45 Mo. App. 46; Okey v. Ins. Co., 29 Mo. App. 105. (3) After the proofs of loss had been waived, the waiver could not be retracted. Roberts v. Insurance, 94 Mo. App. 151.

STATEMENT.

This is an action on a policy of insurance against loss by fire. The case was tried to the court without the intervention of a jury. The following facts were developed in evidence adduced on the part of the plaintiff, and stand uncontroverted by the defendant.

Defendant is a town mutual insurance company, organized in pursuance of the laws of and doing an insurance business in this State with its home office in the city of St. Louis. J. W. Daugherty was at the time of the loss, and continued to be at all times herein mentioned, its secretary and general manager. Plaintiff procured the policy herein sued on from one Boyer, a local agent for defendant, whereby the defendant company insured his dwelling house, situated at Crystal City or Festus, in Jefferson County from said date, June 14, 1899, for three years, until June 14, 1902, in the sum of $1250 against loss or damage by fire. The policy was concurrent with another policy of the Continental Insurance Company of New York on the same property. On October 14, 1901, and while said policy was in force, the subject of the insurance was totally destroyed by fire. Said policy contained the following clause requiring notice and proof of loss:

"If a fire occur the insured shall give immediate notice of any loss thereby in writing to this Company . . . and within sixty days after the fire, unless such time is extended in writing by this Company, shall render a statement to this Company at its general office, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire . . . and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this Company, at its general office including an award by appraisers when appraisal has been required."

Boyer, the agent who had written the risk, was a witness to the fire and immediately notified the Company of the total loss under the policy. On the following day, plaintiff saw Boyer and spoke to him about notifying the Company. Boyer informed him that he had already done so. Plaintiff thereupon gave no additional notice. On October 26th, Mr. Daniels, adjuster for the Continental Insurance Company, came upon the scene and had some negotiations with plaintiff as to the loss sustained by his company and requested the plaintiff to meet him a few days later at the home office of the defendant company in St. Louis. In accordance with this arrangement, plaintiff came to St. Louis on the day agreed, October 29th, and to the office of the defendant company, where he met Mr. Daugherty, secretary and general manager of the defendant company, and Mr. Daniels, the adjuster for the Continental Insurance Company, whereupon Mr. Daniels and Mr. Daugherty retired into a room and figured on the plaintiff's loss for about twenty minutes and finally, when they were ready for plaintiff, called him into the room. They were then figuring on what they would offer plaintiff on account of his loss, and Mr. Daniels of the Continental Insurance Company, in the presence of Mr. Daugherty and with his consent and acquiescence, offered plaintiff $2,000 in full for the loss he had sustained under both policies, that of the defendant and the policy of the Continental Insurance Company. Plaintiff, in answer to the question: "Who made you the offer?" replied; "Mr. Daniels, and Mr. Daugherty sanctioned it; he told Mr. Daniels and Daniels told me what they would give. . . . Mr. Daniels made the offer and Mr. Daugherty was right there and ordered it made." The plaintiff insisted that his loss was much larger than the amount offered and declined to accept. Daugherty said it was enough and Daniels said it was fair. He further testified as follows:

"Q. I will ask you further about the conversation

between these gentlemen and yourself in St. Louis; what was the disagreement between you about? A. Well, they claimed the depreciation in value, which I didn't think was right, and I thought it was worth more than they thought it was. . . . They claimed a depreciation in value of 33 1-3 per cent.

"Q. That was the only question between you? A. Yes, sir."

About two weeks after this interview between plaintiff and defendant's general manager in the defendant's office, when the only question between the parties was the value of the property and the amount the plaintiff should be compensated for his loss, the defendant, by its general manager and secretary, wrote and mailed to plaintiff the following letter, which was duly received by him:

"EVERY POLICY GUARANTEED BY THE DEPOSIT WITH THE STATE OF MISSOURI.

MERCANTILE TOWN MUTUAL INSURANCE COMPANY.
(Incorporated April, 1896.)
Rialto Building, St. Louis.

Directors:
L. F. Klostermann
E. H. Englemann
David A. Glenn
Earnest Marshall
J. W. Daugherty
William Hirsche
Aug. Schivelbine
Henry L. Rozier
Aug. Bierwirth

E. H. Englemann, President.
J. W. Daugherty, Secretary.

"St. Louis, Mo., November 11, 1901.
"Mr. T. L. Burgess,
"Hillsboro, Mo.
"Dear Sir:—

"The matter of our loss having been placed in the hands of our adjuster, reply to yours of the 6th inst. has been delayed on account of his absence from the city.

"We confess that we are somewhat surprised at the context of your letter. In replying to this you will understand, of course, that we are speaking for ourselves alone, and not for the 'Continental.' You will under-

stand further that this latter company will doubtless reply to you, as we have forwarded your letter to them.

"You say you 'Cannot see how you people can expect me to accept less than the full insurance; you know the property was worth more than it was insured for, and, of course, I expect the full amount.' In the adjustment of all losses the question of how much the company must pay depends entirely upon your contract, which is the policy of insurance. In your policy you will find that we are compelled to pay the sound value of the property at the time of the fire less reasonable depreciation for age and subject also to any special conditions which may be attached thereto.

"We therefore expect you to accept just what this contract calls for, whether it is the full insurance or not. As to our knowing 'the property was worth much more than it was insured for,' permit me to say that you are entirely at variance with the facts, as the figures which were presented to you at the time of your visit were exactly what we know the property to be worth. You frankly acknowledge that the house could be built for less than it cost you. It is only reasonable that you should allow for wear and tear, and your policy especially provides for this phase.

"We think, therefore, that you have taken a position which is not well founded in fact, and we believe upon consideration that you will see the correctness of this statement.

"There are a number of features to which we might call your attention to further demonstrate the incorrectness of your stand, but we believe you to be a man of clear discernment, and that you will advise us of your readiness to adjust this loss with us according to your agreement.

"Yours truly,

"J. W. DAUGHERTY,

"Secretary and Manager."

A few days later, about November 16, plaintiff received a letter containing blank forms of proofs of loss in which letter Daugherty said: "You are hereby notified that this company requires of you a strict compliance with all the conditions and stipulations of said policy, especially in relation to rendering to said company a particular account of said alleged loss." The concluding paragraph of this letter states that the company neither "admits nor denies liability" under the policy. Plaintiff did not fill out and return said proofs of loss to the defendant for the reason, he said, that he did not think it was necessary as they had already discussed it and therefore no proof of loss was made until about December 18, after the time limit therefor had expired.

Mr. W. S. Wittler, an attorney at law, who was employed by the plaintiff in St. Louis to look after the matter, called on Mr. Daugherty in his office within a day or two after November 29. He testified that he told him he had this claim and would like to take it up with him, to which Mr. Daugherty replied: "Very well, and further said he thought they had done all they wanted to do in making an offer to Mr. Burgess and that the only difficulty was as to the amount; that he considered the claim an honest one, he did not think there was any fraud in it, but he thought Mr. Burgess was trying to get more than his property was worth and if he (Wittler) could convince him it was worth more than the figures showed, he would be willing to take the matter up with him; that he knew what the property was worth and that he and Burgess had figured it over together in the office. He said he had taken the matter up with Mr. Burgess and Mr. Burgess had said to him, after they had figured the matter over, that the figures appeared to look right on the $1,000 basis, but he was satisfied his property cost and was worth more than that. Mr. Wittler asked Mr. Daugherty what he thought and

114 app—12

he replied that he did not think it was worth more than $1,000. Mr. Wittler failed to convince Mr. Daugherty, however, that the property was worth more than Mr. Daugherty claimed it was and there the negotiations ceased. Mr. Wittler again called upon Mr. Daugherty in the latter part of December in regard to the matter and Mr. Daugherty said to him: "We stand on our contract; we are not liable at all." He said he considered the claim an honest one and offered one-half of the face value of the policy in settlement thereof. About the last of September, 1902, and before suit was brought, a proposal of arbitration was made on behalf of plaintiff and declined by the defendant. Defendant's agent, Boyer, who insured the property, and other witnesses testified that its value at the time of the fire was from $3,500 to $4,000.

Defendant declined to introduce any testimony.

The petition was in the usual form and contained an allegation to the effect that the plaintiff had performed all of the conditions precedent on his part. The answer consisted of a general denial and pleaded affirmatively the failure of the plaintiff to render proofs of loss as required by the policy. The reply set up a waiver of said proofs of loss and declared upon the conference with Manager Daugherty in defendant's office within sixty days after the loss and that Daugherty gave plaintiff to understand that the only question raised as to payment was as to the amount of the loss, and that plaintiff was led to believe thereby that formal proofs would not be required.

At the conclusion of the evidence, defendant requested the court to state in writing its conclusions of fact separately from its conclusions of law, and also requested the court for a peremptory declaration that under the evidence in the case, plaintiff could not recover, and the finding should be for the defendant. The declaration of law so requested was refused by the court

and defendant excepted thereto, whereupon the court made the following finding of facts:

"The court finds that on the 14th day of June, 1899, the Mercantile Town Mutual Insurance Company issued by its agent, W. S. Boyer, a policy of insurance to the plaintiff, on a frame house of which the plaintiff was owner, situated in Festus, Jefferson county, Missouri, for the sum of one thousand and two hundred and fifty dollars.

"The court further finds that the property described and mentioned in said policy of insurance was totally destroyed by fire October 14, 1901.

"The court further finds from the proof of loss offered in testimony that said proof of loss was not made within sixty days, as provided in the policy, but by a letter dated November 11, 1901, which was offered in evidence, and which was written by J. W. Daugherty, whom it is admitted was secretary and general manager of the defendant company, to the plaintiff that proof of loss is waived.

"Judgment will be for the plaintiff for the sum of one thousand two hundred and fifty dollars, with interest from the first of October, 1902, at 6 per cent."

After unsuccessful motions for new trial and in arrest of judgment, defendant appeals to this court for review.

NORTONI, J. (after stating the facts).—1. The conditions in an insurance policy requiring immediate notice of the loss and proofs to be furnished within sixty days are reasonable requirements, and as such, are universally upheld by the courts, therefore the law is well settled to the effect that before a recovery can be had on a policy containing the conditions in that behalf to be found in the policy in suit, it must affirmatively be shown that the required notice had been given within a reasonable time after the loss and that the proofs have been rendered within the time specified in the policy or

a waiver of such conditions of the policy by the insurance company acting through some officer authorized to represent it in the matter pertaining to the adjustment and settlement of such loss, must be established. [Summers v. Western Home Ins. Co., 45 Mo. App. 46; LaForce v. Williams City Fire Ins. Co., 43 Mo. App. 518; Gale v. State Ins. Co., 33 Mo. App. 518; Okey v. State Ins. Co., 29 Mo. App. 105; Exchange Bank v. Thuringia, 109 Mo. App. 654, 83 S. W. 534.]

In the case at bar, there is no pretense made that proof of loss was furnished within the time required. The requirement of notice and proof of loss is a formal condition introduced into the policy solely for the benefit of the insurer and it may be waived by it. The waiver may be expressed or it may be by implication and inferred from the acts and conduct of the insurer, evidencing a recognition of liability, or from their denial of obligation, exclusively for other reasons than the insufficiency or entire want of such proofs, and it is settled that the waiver of such notice or proofs operates to strike the condition requiring them out of the contract of insurance. [LaForce v. Williams, supra; Pa. Fire Ins. Co. v. Dougherty, 102 Pa. St. 568; West Rockingham Ins. Co. v. Sheets & Co., 26 Grat. (Va.) 854; Roberts v. Ins. Co., 94 Mo. App. 142, 72 S. W. 144; Porter v. Germ. Amer. Ins. Co., 62 Mo. App. 520; Flanders on Insurance, p. 541-542.]

It is contended on behalf of respondent that such proofs were waived by the insurance company in this case and the trial court so found the fact to be. The question of waiver is usually a mixed question of law and fact. In a case of express waiver, and in a case where the act or conduct of the insurer has been so definite and certain as to amount to a waiver in that behalf, in accordance with the settled rules of law; that is, in a case where the evidence of waiver is so convincing that reasonable men could not differ as to the result thereof, the court is authorized to declare a waiver as

a matter of law.   Ordinarily, however, it is a question of fact for the jury or for the court sitting as a jury trying the facts.   It is the province of the court to determine whether or not there is any evidence to support the alleged claim of waiver.   The weight and sufficiency of the evidence is purely a question for the jury or the court sitting as a jury trying the facts.   Each case must depend upon its own peculiar circumstances and surroundings.   The doctrine of this court is that ordinarily, a waiver is a question of intention.   It is often dealt with and ascertained in accordance with the principle of estoppel.   [Summers v. Ins. Co., 45 Mo. App. 46; Okey v. Ins. Co., 29 Mo. App. 105; Ehrlich v. Aetna Life Ins. Co., 88 Mo. 249; Noonan v. Hartford Ins. Co., 21 Mo. 90; 2 Wood on Ins. (2 Ed.), sec. 442-443.]

While the matter of waiver, as above stated, is frequently predicated upon the doctrine of estoppel by the courts, and while, as a general proposition, there could be no estoppel except where the party against whom the estoppel is sought to be invoked is in possession of all of the facts and acts understandingly and intentionally in the matter of waiver of his rights in the premises, it is the generally accepted law on the subject and the rule is satisfied when one being in possession of the facts, so conducts himself thereabout within the time provided in the policy, as would lead a reasonably prudent person to believe that he intended a waiver whether in fact he intended such waiver or not.   It might be difficult, indeed, for one holding the affirmative of the issue to establish that the insurer intended to waive proofs; so difficult that in many instances it could not be done, and substantial justice would thereby be defeated.   In such case, the law is satisfied with such a showing of facts pertaining to the conduct of the insurer in and about the loss, as would lead a reasonable man to believe that the company did not intend to insist upon the fulfillment of the conditions precedent with regard to notice and proof.   As expressed by Judge Sharswood in the

case of Beatty v. Lycoming County Mutual Ins. Co., 66
Pa. St. 9: "To constitute a waiver there should be some
official act or declaration by the company during the
currency of the time dispensing with it; something from
which the assured might reasonably infer that the un-
derwriters did not mean to insist upon it." Or, as said
by the Kansas City Court of Appeals in Gale v. State
Ins. Co., 33 Mo. App. 664: "If the insurance company
so conducted itself as to cause plaintiff, while acting as
an honest and reasonable man, to believe that the com-
pany would not require a formal proof of loss, so that,
relying thereon and induced thereby, plaintiff permitted
the time to elapse within which such proofs should have
been made, then the company is precluded from insisting
on such proof." [See also Summers v. Ins. Co., 45 Mo.
App. 46; Okey v. Ins. Co., 29 Mo. App. 105.]

In accordance with these principles, it is laid down
as the law by Mr. Wood, in his work on Insurance
(2 Ed.), sec. 446, and followed by the courts of this
State, as follows: "When the insurer is informed of the
loss by the insured and without saying anything about
preliminary proofs, proceeds to inquire whether the in-
surance is valid, upon a specific ground, independent of
those required to be stated in the proofs, and declines
to pay the loss upon a specific ground, this operates as
a waiver of all objections to the insufficiency or even
entire absence of preliminary proofs." [Exchange Bank
v. Thuringia, 109 Mo. App. 654; Summers v. Ins. Co.,
45 Mo. App. 46.] The Kansas City Court of Appeals,
in the case of Okey v. Ins. Co., 29 Mo. App. 105, states
the doctrine thus: "When the insurer, knowing the
facts, does that which is inconsistent with his intention
to insist upon a strict compliance of the conditions pre-
cedent of the contract, it is treated as having waived
their performance and the assured may recover without
proving performance." [Gale v. Ins. Co., 33 Mo. App.
664; Underwood v. Ins. Co., 57 N. Y. 500; 2 May on Ins.
(3 Ed.), sec. 507.]

From what has been said, and in view of these well-established principles, there can be no doubt of there being substantial evidence of a waiver in the record before us and the trial court was justified in finding the fact to that effect. The evidence is that respondent called upon the manager of the company in its home office about two weeks after the fire, when the manager canvassed the loss and figured thereon for twenty minutes with Mr. Daniels, the Continental adjuster, who had been upon the scene of the conflagration some days before and no doubt ascertained all the facts which the appellant desired and possibly more than the proof of loss would have conveyed. At least, Mr. Daugherty seemed to be satisfied with the facts and so announced, for he finally offered to settle, or in the presence of respondent, ordered Daniels to propose a settlement of $1,000 on defendant's policy, basing his refusal to pay the entire claim, not upon want of proof or want of notice, but upon the fact that he knew all about the value of the building and claimed to know more about it than respondent who suffered the loss. At no time did he urge any reason for not settling other than the quantity and value of the loss. As said by the Supreme Court of Connecticut in the case of Rathbone v. City Fire Ins. Co., 31 Conn. 193, and as said in Summers v. Ins. Co., 45 Mo. App. 46: "He, in effect, said to the insured that it was all right except, only the house was insured for too great a sum, and that the company would pay what it was worth. . . This was a practical admission of liability, but a refusal to pay the entire amount mentioned in the policy." The refusal to settle in this case was based upon the sole and only ground that the building was not worth the amount for which it was insured. This, of itself, was substantial evidence in a case circumstanced as this one is, of the purpose of the company to waive the requirement of notice and proof of loss. When the attorney for respondent called upon Mr. Daugherty within the time allowed for the proofs, he

was informed that the company stood ready to settle whenever it could be demonstrated to it that the building was worth the amount for which it was insured, and in fact, in none of these conversations was notice or proof of loss required or even mentioned by Mr. Daugherty. Conduct of this kind on the part of the insurer leading the respondent to believe as he said in his testimony, that such proofs were unnecessary, continually assuring him that the loss was honest and fair and the only question in difference was its amount, works an estoppel *in pais* on the company to thereafter deny responsibility on account of the failure to furnish such proofs when the party had been led to believe they were not required, and for that reason did not furnish the proofs. [Exchange Bank v. Thuringia, 109 Mo. App. 654, 83 S. W. 534; Summers v. Ins. Co., 45 Mo. App. 46; Okey v. Ins. Co., 29 Mo. App. 105; Rathbone v. Fire Ins. Co., 31 Conn. 193; 2 Wood on Ins. (2 Ed.), 446; 2 May on Ins. (2 Ed.), sec. 504.]

2. It is argued by appellant, however, that the letter of Mr. Daugherty in which respondent was furnished blank forms of proof and in which was had the admonition that "this company requires of you strict compliance with all the conditions and stipulations of said policy, especially in relation to rendering said company a particular account of the alleged loss," etc., and that the company "neither admits nor denies liability," etc., operated to withdraw any waiver theretofore made by it, if any, and to reinstate the relations of the parties under the contract as theretofore existing. To this proposition we cannot agree. Conditions of this kind cannot be stricken out of and inserted in a policy with such efficacy at the pleasure of the company and to suit its convenience. The law is established in this jurisdiction to the effect that upon an estoppel arising by virtue of the conduct of the insurer as in this case, and the waiver of the precedent conditions taking effect, it is equivalent to eliminating these conditions from the policy and

thereby the rights of the parties become fixed anew. It
is as a new contract and so stands for all time thereafter,
unless the adverse party consents to a reinstatement of
such conditions, to permit the waiver to be recalled by
the insurer after the insured had marked out a course
of conduct with relation to the loss, relying upon such
waiver, which had been introduced into the case by the
action of the insurer, would operate a fraud upon the in-
nocent who had followed the conduct of the insurance
company to no end, and this the law forbids. [Porter v.
German Amer. Ins. Co., 62 Mo. App. 520; Roberts v. Ins.
Co. of Amer., 94 Mo. App. 142, 72 S. W. 144; Okey v. Ins.
Co., 29 Mo. App. 105.]

3. It is next insisted by appellant that the special
finding of facts by the court predicates the waiver upon
the letter from Mr. Daugherty of date November 11, su-
pra, and that this operates the exclusion of other facts
in evidence on the question of waiver; that the letter it-
self is insufficient to support the finding and therefore
the judgment must be reversed. It is to be noted that
the letter itself refers to the conversations had with Mr.
Daugherty in his office in the following language:

"*As the figures which I presented to you at the
time of your visit were exactly what we know the proper-
ty to be worth. You frankly acknowledged* the house
could be built for less than it cost you. It is only reason-
able that you should allow for wear and tear, and your
policy especially provides for this." It is impossible to
separate this letter from the evidence detailed before the
court on which the letter itself is predicated, even though
the court based its finding upon the letter. The facts
detailed in evidence, to which the letter itself refers,
must be considered in connection therewith and are
necessarily a part of the evidence in support of the find-
ing of the facts by the court. The letter, in connection
with the facts referred to by Mr. Daugherty, therein says
that it was a question of amount of the loss only in dif-
ference between the parties. While we do not mean to

say that it shows a waiver as a matter of law, we do say that it is sufficient to support the finding of facts as to waiver.

4. It is next insisted by the appellant that the condition of the policy requiring immediate notice of the loss is a condition separate and apart from that requiring proof of loss and as such, it is a condition precedent which the respondent must allege and prove and which notice must likewise be found by the court under the special finding of fact to have been given in accordance with the policy or have been waived by the appellant. That inasmuch as the special finding of facts given by the court at the request of appellant wholly fails to mention the question of notice, whether given or waived, that such finding is insufficient to support the conclusions of law or judgment announced upon the case. It is a fact that the first condition of the policy, that is, that requiring immediate notice, is a separate and distinct condition of the policy, compliance with which must be alleged and proved or waiver thereon shown. [LaForce v. Ins. Co., 43 Mo. App. 528; Edgerly v. Ins. Co., 5 Ins. Law Journal, 848; 43 Ia. 578.] To support this proposition, the argument advanced is that the special finding of facts by the trial court under the statute, must find all of the facts essential to a recovery.

To this general proposition we must agree in part. The general rule on the subject is that such a finding of facts is in the nature of a special verdict though it is not considered so critically as a special verdict and its sufficiency is determined by the same general rules. Accordingly, it is laid down that the Judge must find the facts and not the mere evidence of facts and that his findings must not leave any part of the facts to be presumed nor to be supplied by weight of intendment but must settle all of the facts which are deemed *material*, so that the court will have nothing to do but to declare the law upon the subject. Facts will be presumed when their existence may legally be presumed from facts

found by the court, otherwise the presumption will not be made. The object of the statute is to permit parties to make a case for the revision of the appellate court in which the facts and law will appear separately, without requiring instructions or bills of exceptions. [2 Thompson on Trials, sec. 2658; Nichols v. Carter, 49 Mo. App. 401.] This general rule is satisfied, however, if all the facts essential to a recovery *which are controverted by evidence upon the trial* are specially found in the verdict, so the formal verdict may be sufficient though it does not find separately facts which, although put in issue by the pleadings, are yet not controverted on the trial, or are established by the undisputed evidence. [Murphy v. Weil, 89 Wis. 146; Stringham v. Cook, 75 Wis. 589; Montreal R. L. Co. v. Mihills, 80 Wis. 540; Hart v. West Side R. Co., 86 Wis. 483.]

Notice of the loss was given by Boyer, the agent, immediately after the fire and the entire conduct of the parties shows it was not controverted. The offer made by the company's manager evinced a full knowledge of the loss and the formal waiver of the notice. The point now made is not that the notice was not given, nor that the conduct of the insured was not a waiver, but it is a mere technicality that the trial judge omitted to state in the special finding that it was either given or waived. We take it that the trial judge treated it as an immaterial fact at that stage of the case. It certainly was, as the finding that the proofs were waived by the conduct of the company necessarily involved the finding that the company had full knowledge of the loss, else there could be no estoppel or waiver, and the finding of the estoppel involved all precedent facts which were essential thereto and merged therein, or in other words, the notice may be legally presumed or supplied by intendment from the facts found by the court as the main fact found essentially included the lesser fact of notice. [Nichols v. Carter, supra.] In this connection, it is contended by appellant that the provision of its answer containing the

general denial controverted the allegation of full performance of the precedent conditions contained in the petition and thereby denied and put in issue the giving of the notice of loss. To support this contention, appellants have cited us to Caperhart v. Ins. Co., 8 N. E. (Ind.) 289; Glenn v. Ins. Co., 4 N. E. (Ind.) 926, and Cooledge v. Ins. Co., 3 Atl. Rep. 798, all of which are in point on the proposition contended for and hold that a general denial puts in issue the giving of notice and proofs, inasmuch as they are precedent conditions which plaintiff must allege in his petition and prove the fulfillment or waiver thereof upon trial. And, indeed, we find that it is laid down in 11 Ency. of Plead. & Prac., p. 422, that: "Where the code practice obtains, the defendant may show under a general denial, breach of condition precedent, such as failure to give notice or proofs of loss," which text is supported by Manchester F. Assurance Co. v. Glenn, 13 Ind. App. 365.

While this appears to be the law in Indiana and in some other states where the Code prevails, we cannot agree to it as being the rule of pleading which obtains in this jurisdiction. It certainly is not the practice here. The familiar practice in Missouri is that the defendant should plead specifically, failure to perform these conditions precedent in the policy. Mr. Ostrander, in his work on Fire Insurance (2 Ed.), sec. 382, makes the following observation on the subject:

"When the defense arises from a failure to perform the conditions of a policy, such as payment of the premium, notice or proofs of loss, arbitration, etc., it has been held in some of the states to be sufficient for the answer to express a general denial. When this is done, the defendant is saved from making the disclosure (until called upon during the trial to produce his evidence) under which of the several conditions of the policy his defense rests. This will, no doubt, sometimes occasion the plaintiff perplexity and confusion, and possibly cause him to neglect or wholly overlook the real point in the

controversy, while directing all his efforts to fortifying what he may suppose to be the most important and vulnerable point in his case, but which is shown to have no special significance, on account of the manner in which the defense is subsequently developed. But it is generally required, and always safer, to plead specifically each matter relied on to defeat the action." [Sec. 382.]

And concludes his very able and interesting review of the subject as follows:

"It will not be sufficient for the answer to express only a general denial. The defense may arise from default in performance of some one or more conditions; and performance having been pleaded, denial would theoretically bring into issue the defense relied upon. But the uniform practice of the courts requires that all matters of defense under the terms of the contract shall be specially pleaded."

And this conclusion of the author last above quoted seems to us to be the better rule on the subject and that which prevails here. [Hester v. Fidelity, etc., Co., 69 Mo. App. 186.] There can be no doubt, however, that inasmuch as the plaintiff is required to allege the precedent conditions in his petition, that the general denial would theoretically raise the issue and put the fact of notice and proofs in controversy, yet the policy of the law is that the plaintiff shall be specifically informed by the answer, of all defenses which are to be relied upon under the terms of the policy, and the courts of this State so hold. [Hester v. Fidelity, etc., Co., 69 Mo. App. 186.]

From what has been said, it is apparent that the matter of giving the notice in this case was not a controverted fact under the pleadings, and therefore it was not essential for the court to make a specific finding thereon under the rule above announced. But be this as it may, for the sake of argument only, let it be admitted that the general denial put the fact of notice in issue (we do not understand this to be the law, however), we cannot admit that the giving of such notice was contro-

verted by the evidence in the case, as the entire trial proceeded without an effort to that effect, and it appears as having been introduced into the case in this court for the first time and this feature of the controversy comes strictly within the rule announced above, "that the verdict may be sufficient, although it does not find specially facts which, although put in issue by the pleadings, are yet not controverted on the trial or are established by the undisputed evidence." [Murphy v. Weil, 89 Wis. 150, and authorities supra.]

This assignment must likewise be ruled against appellant.

5. It is finally contended by appellant that inasmuch as the reply alleges a waiver to have arisen from the meeting and conference of the assured and the company's manager in its office, at which conference Mr. Daugherty gave the respondent to understand that the only question was the amount of the loss, and the finding of facts based the waiver, not upon the conference, but upon the letter of Mr. Daugherty mentioned, that such finding is not responsive to the issues made by the pleading. In answer to this, it is quite sufficient to say that it was wholly unnecessary for respondent to plead a waiver in his reply as it is well settled that in suits on policies of insurance in this State, a waiver of notice and proof can be shown under the allegation of full performance of precedent conditions on the part of the assured contained in the petition and this assignment must likewise be ruled against the appellant. [Nickell v. Ins. Co., 144 Mo. 420, 46 S. W. 435; McCullough v. Ins. Co., 113 Mo. 616, 21 S. W. 207; Ins. Co. v. Kyle, 11 Mo. 278; Russell v. Ins. Co., 55 Mo. 585; Okey v. Ins. Co., 29 Mo. App. 105; Travis v. Ins. Co., 32 Mo. App. 198; Maddox v. Ins. Co., 39 Mo. App. 198; Roy v. Boteler, 40 Mo. App. 213.] What has been said heretofore sufficiently answers the other questions raised in the briefs. Finding no reversible error in the record, the judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.