G. M. SISK et al., Respondents, v. AMERICAN CENTRAL FIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, August 4, 1902.

1. **Continuance.** In the case at bar under the evidence and what was within the knowledge of the court, ample time was given to the defendant, after the making of the order to produce certain papers to have produced them and had them in court on the morning of the day set for trial.

2. **Insurance: PETITION: PLEADING.** A petition is good after verdict which, after alleging the contract of insurance, the loss by fire and the amount of the loss, further alleges "that as soon as the fire had occurred the plaintiffs gave the defendant company immediate notice of such loss and within the time described by the policy made due proof of loss as provided by said policy, and had in all things fully complied with all the terms, conditions and provisions of said agreement and policy of insurance."

3. **Practice, Trial: PETITION: DEMURRER: MOTION: OBJECTION TO INTRODUCTION OF TESTIMONY.** Where a petition

defectively states a cause of action, the rule of practice is that the defendant must make his objection by demurrer or motion, and if he makes his objection by demurrer and the court overrules it, he can not answer over and then on the trial raise the same question by an objection to the introduction of evidence. A plea to the merits waives such objection.

4. ———: ———: ———: ———. An objection to the introduction of evidence is never available to the defendant unless the petition wholly fails to state a cause of action.

5. **Insurance Company**: ADJUSTER: ALTER EGO. The adjuster of an insurance company and his admissions made at the time he was examining plaintiff's loss, are the admissions of the company and are admissible in evidence.

6. ———: PRESUMPTIONS. Where the policy of an insurance company sued on was executed by A as president of the company, he is presumed to have continued his presidency in absence of a contrary showing.

Appeal from Pulaski Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Thomas T. & C. H. Fauntleroy* and *Wm. H. Locker* for appellant.

(1) It was the plaintiff's duty to have notified defendant before trial to produce the original proofs in its possession. It is not laying a proper foundation for secondary evidence to ask of the opposite party for the production of an original paper or document, on the moment, which he has not at hand. Sheehan v. Ins. Co., 53 Mo. App. 355. (2) The rule is that, where a condition precedent exists, the performance of which is necessary to convert a right of action, such condition must be alleged and proven. Price v. Protection Co., 77 Mo. App. 240. That the clauses in the policy relating to proofs of loss and notice of loss are conditions precedent, see Kyle v. St. L. Co., 11 Mo. 291; Haggard v. Ins. Co., 53 Mo. App. 98. That proofs of

loss are conditions precedent in regard to the time, as
well as with regard to all other matters, see Shapiro
v. Ins. Co., 63 N. W. 614, 51 Minn. 239. (3) The court
erred in its ruling, that plaintiffs could offer oral testi-
mony as to the contents of the proofs of loss and other
papers mentioned in the notice and order of the court.
Here follows the attempt on the part of the plaintiffs
to prove, by secondary testimony, the contents of the
proofs of loss. The court after hearing testimony by
Mr. Locker, whose testimony was undisputed that Mr.
Fauntleroy had not been able to send the papers to
him, and that he was without them, allowed the plain-
tiffs to go on and show the contents of the proofs of
loss. We submit that all this testimony was error.
That no foundation was laid for secondary testimony,
and that the ruling of the court admitting this testimony
was error under the rule laid down in the two cases
hitherto cited, of Sheehan v. Ins. Co., 53 Mo. App. 355;
Dade v. Ins. Co., 54 Minn. 337. And that the objection
once made, need not be repeated, see Schierbaum v.
Schemme, 157 Mo. 1. (4) This is a letter written by
Nixon, the attorney, for plaintiffs, to the American
Central Insurance Company, St. Louis, Missouri. It
was incompetent, for the reason that no foundation
had been laid for it, and it should have been excluded.
Then, again, there was no evidence in the record at
all that it was properly mailed, or that proper postage
was placed upon the letter, so as to entitle it to be
carried to its alleged point of destination. There was,
also, no evidence introduced that defendant's head
office or place of business was at St. Louis, Missouri.
Where policy requires notice to be given the company,
it means at its principal place of business. Hodgins
v. Ins. Co., 34 Barbour 213. There is no presump-
tion that it reached the company without proof of
proper postage being prepaid on the letter. Plath v.
Ins. Co., 23 Minn. 484; Boon v. Ins. Co., 37 Minn. 426.
Where it is not shown that party resided at place

to which letter was sent, there is no presumption attached to the act that it ever reached said party. Goodwin v. Ins. Co., 25 Ins. L. Jr. 401.

*J. P. Nixon* for respondent.

(1)   Allegata of performance of all conditions of policy is sufficient pleading to admit probata of conditions precedent of policy as to notice and proof of loss, as well as their performance by waiver or otherwise; that in cases of insurance the pleading of conditions precedent are exceptions to the general rule and not required.   McCulloch v. Ins. Co., 113 Mo. 616; James v. Life Ass'n, 148 Mo. 1; Duff v. Fire Ass'n, 129 Mo. 460; Okey v. Ins. Co., 29 Mo. App. 105; Howe v. Ins. Co., 75 Mo. App. 63; Russel & Co. v. Ins. Co., 55 Mo. 593.   (2)   The petition stated a good cause of action and was not subject, in any event, to a general demurrer on ground that it did not state the conditions precedent, because such conditions could only be known when evidence was offered at the trial, so that the legal objection could only be raised at the trial by the objection to evidence offered as a variance between allegata and probata.   There was no material variance in this case, because the defendant was not misled to his prejudice in maintaining his defense on its merits.   R. S. 1899, sec. 655; Clydesdale Horse Co. v. Barnett, 52 Mo. App. 333; Waldheir v. Railroad, 74 Mo. 514; Carroll v. Pond, 16 Mo. 226; Olensleive v. Smith, 87 Mo. 602.   (3)   The general rule is that if a document desired as evidence is in possession of the opposite party, and he refuses to produce it after reasonable notice, it is competent to prove its contents by oral evidence, and secondary evidence of proofs of loss may be given where defendant fails to produce them in evidence on notice.   Ins. Co. v. Patrick Smith, 31 L. C. P. (U. S.) 497.   (4)   Upon the whole record it is manifest that the defendant has not been

prejudiced on the merits, and that the judgment is for the right party and should not be reversed, though error was committed at the trial. Barrett v. Glover, 31 Mo. App. 150; Bank v. Armstrong, 92 Mo. 265; Cheek v. Waldron, 39 Mo. App. 21; Vaughn v. Daniels, 98 Mo. 230; Phillips v. Bachelder, 47 Mo. App. 52.

BLAND, P. J.—The suit was commenced in the Pulaski Circuit Court on January 30, 1901. At the following March term the cause was continued, on the application and at the cost of the defendant, to the September term, 1901, with leave to defendant to file answer within sixty days before the first day of the term, which was the first Monday, and the second day, of September. On the third day of September defendant filed, instead of an answer, a demurrer to plaintiff's petition, which was by the court overruled. Defendant thereupon filed its answer and thereby waived its demurrer.

Omitting caption the petition is as follows:

"Now come the plaintiffs, G. M. Sisk and Mrs. G. M. Sisk, and for their cause of action against the defendant corporation respectfully state to the court:

"That on the second day of October, 1899, the defendant, The American Central Insurance Company, in consideration of the sum of forty-one and seventy-five one-hundredths dollars to said corporation paid, did agree with plaintiffs to insure them from the second day of October, 1899, to the second day of October, 1900, against loss or damages by fire to the extent of fifteen hundred dollars as follows: $100 on store furniture and fixtures, also $1,400 on their stock of merchandise consisting principally of dry goods, boots, shoes and notions, contained in two-story frame building with shingle roof at Stoutland, Missouri, agreeable to their written policy of insurance herewith filed.

"That while said policy of insurance and agree-

ment was in full force and effect, and on or about the thirteenth day of September, 1900, the said property was entirely destroyed by fire.

"That at the time said agreement was made and policy of insurance issued, and at the time the same was destroyed by fire, the said plaintiffs were the sole owners of said property and said property was at said time situate in the building aforesaid and said property so insured was at times herein referred to and at time same was destroyed by fire, of the value of twenty hundred dollars, viz.: That said store furniture and fixtures were of value of two hundred dollars and the stock of merchandise was of the value of two thousand dollars, and plaintiffs were damaged in those amounts by said fire.

"That at times herein named the said defendant was duly incorporated under the laws of the State of Missouri, and doing a general fire insurance business.

"That as soon as the fire occurred the plaintiffs gave the company immediate notice of such loss and within the time provided by policy made due proof of loss as provided by said policy and have in all things complied with all the terms and conditions of said policy.

"That said corporation has vexatiously neglected to pay said policy and the amount due plaintiffs thereunder, by which they are entitled to penalty and attorney's fees.

"Whereupon, the plaintiffs demand judgment for the sum of fifteen hundred dollars damages and interest on same and penalties and attorney's fees and costs of suit."

The answer is as follows, omitting caption:

"Said defendant for an answer to the petition of the plaintiffs herein, denies each and every allegation, matter and thing therein contained, except as is herein admitted or explained.

"Said defendant admits that on the third day of

October, 1899, in consideration of the sum of forty-one and seventy-five one-hundredths dollars, it did issue its policy and contract of insurance to said plaintiffs. and that on the thirteenth day of September, 1900, a fire occurred which injured and damaged said property, but said defendant denies that said property or the damage thereto ever exceeded in value the sum of two hundred and fifty dollars.

"Further answering said defendant alleges that by the express terms and conditions of said policy it was expressly provided as follows:

"In event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one and the two so chosen shall first elect a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraisers respectively selected by them and shall bear equally the expense of the appraisal and umpire.

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for and the loss shall not become payable until sixty days after notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required.

"Further answering said defendant alleges that soon after said fire, the exact time defendant can not now more accurately state, a disagreement arose between said plaintiffs and said defendant as to the

amount of loss which was occasioned to said property mentioned in said policy and contract of insurance, and said defendant thereupon duly demanded of said plaintiffs and each of them that the same be ascertained by appraisal, as is called for in said policy and contract of insurance, but said defendant alleges that said plaintiffs have always refused and declined to have the amount of such loss so ascertained and said defendant alleges that whatever loss was occasioned by such fire has never been ascertained, as is called and provided for in said contract and policy of insurance, by appraisal.

"Further answering said defendant alleges that by reason of said facts said action has been prematurely brought and that said plaintiffs and neither of them have any claim against said defendant.

"And further answering defendant denies all and singular the allegations in plaintiff's petition not hereinbefore admitted to be true.

"And further answering defendant says that the claim set up in said petition against said defendant for the penalties and attorneys' fees, as therein stated, for its alleged vexatious refusal to pay said policy. is a claim based upon section 8012, Revised Statutes of Missouri, 1899, which reads as follows:

" 'Section 8012. In any action against any insurance company to recover the amount of any loss under a policy of fire, life, marine or other insurance, if it appear from the evidence that such company has vexatiously refused to pay such loss, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not exceeding ten per cent on the amount of the loss and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.'

"Which said section defendant says is contrary to the fourteenth and fifth amendment to the Consti-

tution of the United States, and to section 30, of article two, of the Constitution of the State of Missouri.

"And further answering defendant says that the claim set up in said petition for attorneys' fees as claimed under the aforesaid section 8012 of the Revised Statutes of the State of Missouri, is unconstitutional and void and violative of the fifth and fourteenth amendment to the Constitution of the State of Missouri.

"Wherefore, defendant prays to be hence dismissed with its further costs in this behalf expended."

The answer was filed on September 4.

On the preceding day plaintiffs filed their motion to require defendant to produce notice of loss, proofs of loss, and all letters received by the defendant from plaintiffs and their attorney in respect to the loss, notice of which motion was served on the defendant's attorney on the morning of the fourth. The motion was taken up on the fourth and evidence heard thereon. The motion was granted by the court and defendant was ordered to produce the papers mentioned in the order and the cause was set down for hearing on the sixth. On the day the cause was set for hearing defendant's attorney filed the following application for a continuance, which application (omitting caption) reads as follows:

"Now at this day comes the defendant by its attorneys and moves the court to grant the defendant a continuance in the above entitled cause for the following reasons, to-wit:

"1. Because the court made an order on the third day of the term requiring the defendant to produce in court the original proof of loss made by plaintiffs to the defendant of the amount and the value of the property destroyed by fire as described in plaintiff's petition. Because defendant can not comply with said order because the said proof is in St. Louis, and in the

hands of one of its officials and employees who are absent and away from the city of St. Louis, and that said papers can not be found or obtained, so that they may be used on the trial of said cause, and can not be produced in time, and that said notice was not sufficient to require the defendant to produce the said papers so that copies thereof could be used by the plaintiffs in the trial of said cause.

"3.   Because defendant can not safely proceed to trial without having the use of said papers.

"4.   Because the defendant was surprised at the court in overruling the demurrer to plaintiff's petition and they were not prepared for trial at this term of court as they in good faith believed said demurrer would be sustained and would entitle the defendant to a continuance in said cause.

"5.   Because the defendant can produce all of said papers upon the trial of this cause at the next term of this court.

"6.   Because the defendant can not be ready and prepared for trial at this term of the court, wherefore the defendant respectfully asks that said cause be continued until next term of this court.

"HARRISON & LOCKER,
"Att'ys for Deft.

"State of Missouri, County of Pulaski, ss.

"I, W. H. Locker, one of the attorneys of record in this cause state that the matters and causes set forth in this motion for a continuance are true to the best of my knowledge and belief.

"W. H. LOCKER.

"Subscribed and sworn to before me this sixth day of September, 1901.

"G. W. GAN, Clerk."

The application was overruled and plaintiffs amended their petition by striking out the clauses

thereof asking for ten per cent damages on account of vexatious delays and for attorney's fee, and by inserting an allegation that the damages sued for were due.

Defendant filed answer to the amended petition in substance the same as the original answer.

A reply was filed denying the new matter set up in the answer.

The cause was tried to the court and a jury resulting in a verdict for the plaintiff of one hundred and three dollars and fifty cents for loss on fixtures, and fourteen hundred and forty-nine dollars for loss on merchandise, making a total of fifteen hundred and fifty-two dollars and fifty cents.

Timely motions for new trial and in arrest were filed which were by the court overruled and defendant appealed.

I. It is strenuously urged by defendant's counsel in their brief that the court erred in refusing to continue the cause for the reason that the time from the date of the order on defendant to produce papers to the day the cause was set for trial was not sufficient to enable it to comply with the order, and that the papers called for were necessary to enable the defendant to make its defense and to preclude the plaintiffs from offering secondary evidence as to the contents of said papers.

On a hearing of the motion to produce papers, T. T. Fauntleroy, one of the attorneys for the defendant, testified that he resided in the city of St. Louis; that he had no knowledge of the papers called for by the motion and that if there were any such papers they were either in the vault of his office or Mr. David York had them; that he was unable to produce them for the reason that no notice or information had been given by any one that such papers were required and wanted; that there was no objection to producing the papers if it was in the power of the

defendant to produce them at the time required, but that it was not in its power to do so; that he had had no consultation with Mr. York about the papers, but had a talk with him a few days after the suit was brought; that York at the time gave him a lot of papers and they were afterwards given to Senator Farris or Mr. York; that he had never read the papers, never gone over the case with Mr. York; that the company expected to settle the case and did not expect to try it at the time Mr. York was talking to him about the case and for that reason he had no consultation with him with reference to the case; that he telegraphed to York on the Saturday previous and sent over to the office to get the papers and that he telegraphed to York to be at Waynesville on the morning of the fourth. York telegraphed back that it was impossible for him to be there and that he (the witness) was informed that York's mother died on Saturday.

W. H. Locker, one of the attorneys for defendant, testified that its central office was in the city of St. Louis; that Mr. Fauntleroy left Waynesville on Wednesday night (which would be September fourth) and that he had received a communication from him on Friday morning, in regard to the papers, mailed at St. Louis.

It thus appears that Mr. Fauntleroy testified on the hearing of the motion on the fourth of September and that he must have arrived in St. Louis on the morning of the fifth and wrote to his co-counsel on the same day, which letter was received in the morning mail on the morning of the sixth. It is proper also to take into consideration that the court was familiar with the distance from Waynesville to the city of St. Louis and with the mail facilities, the facilities for traveling between the two points, and of communication; that there was a telephone line from Waynesville to Crocker on the line of the Frisco road, a distance of eight miles, and that there was a telegraph line from

Crocker to the city of St. Louis where the defendant had its head office and where the papers called for by the motion are presumed to have been kept, and that a letter mailed in St. Louis on the fifth, or on any day of the week, would arrive at Waynesville before the hour for convening court on the morning of the following day. Under the evidence and what was within the knowledge of the court, it can be readily seen that ample time was given to the defendant, after the making of the order to produce the papers, to have produced them and had them in court on the morning of the sixth, the day the case was set for hearing.

It should also be observed that the application for a continuance nowhere states that the defendant had a meritorious defense, or any defense at all, and we do not think, under the circumstances and facts, the court erred in refusing to grant a continuance.

II. Defendant objected to the introduction of any evidence for the reason that the petition did not state facts sufficient to constitute a cause of action. The overruling of this objection is assigned as error. After alleging the contract of insurance, the loss by fire and the amount of the loss, the petition alleges: "That as soon as the fire occurred the plaintiffs gave the defendant company immediate notice of such loss and within the time described by the policy made due proof of loss as provided by said policy, and have in all things fully complied with all the terms, conditions and provisions of said agreement and policy of insurance." The petition did not set forth any of the conditions of the policy, but by implication it states that it was a conditional one and that the plaintiffs had complied with all of its conditions on their part. Whatever the law may be elsewhere, that such a petition as this in a suit on an insurance policy is good after verdict, seems to be settled in this State by the cases of Richardson v. North Mo. Ins. Co. of Macon, Mo., 57 Mo. 413; Okey v. State Ins. Co., 29 Mo. App. 105; Chaney v. Phoenix

Ins. Co., 62 Mo. App. 45; Murphy v. Ins. Co., 70 Mo. App. 78.

Where a petition defectively states a cause of action, the rule of practice is that the defendant must make his objection by demurrer, or motion, and if he makes his objection by demurrer and the court overrules it, he can not answer over and then on the trial raise the same question by an objection to the introduction of evidence. A plea to the merits waives such an objection. Wilson v. Railroad, 67 Mo. App. 443; People's Bank of New Orleans v. Scalzo, 127 Mo. 51; Grove v. The City of Kansas, 75 Mo. 672; The Salmon Falls Bank v. Leyser, 116 Mo. 51. An objection to the introduction of evidence is never available to the defendant, unless the petition wholly fails to state a cause of action.

III. After reading the policy in evidence, plaintiff G. M. Sisk testified that on September 13, 1900, the goods and furniture covered by the policy were all destroyed by fire except about twenty-three dollars' worth; that immediately after the fire he gave notice of the loss by a letter, duly posted and directed to George T. Cram, president of the company, at the home office in the city of St. Louis; that he also had his attorney, J. P. Nixon, to give notice of the loss. Nixon testified that he notified the defendant by letter of the loss, and produced a copy of the letter, which he said he duly directed and mailed to George T. Cram, the president of the defendant company at its home office in the city of St. Louis.

G. M. Sisk also testified that within a few days after the fire, he made out, swore to and had certified by a magistrate, proofs of loss and delivered them to his attorney, Nixon. In respect to these proofs of loss Nixon testified that he forwarded them to the home office of defendant by a registered letter and received a registered letter receipt in return signed by

George T. Cram, as president of the company, which receipt was read in evidence.

Plaintiffs testified that they were the owners of the property at the time of the issuance of the policy and at the date of the loss, and that they were in the same house when the fire occurred as when the policy was issued; that the value of the fixtures and furniture destroyed was from one hundred and fifty to two hundred dollars and of the merchandise from two thousand to twenty-two hundred dollars.

The letter of Nixon notifying the defendant of the loss was, under pressure from the court, produced by one of the attorneys of the defendant and read in evidence. This letter gave the number of the policy and notice of the fact that the stock of goods covered by the policy had been totally destroyed by fire, and was proven by Mr. Nixon to be the identical letter he had mailed to defendant.

G. M. Sisk testified that he was required to give an examination under the policy, and that his examination was taken at Richland, Missouri, by David York, who claimed he was representing defendant. The witness was asked if he had any conversation with York at the time in respect to the loss. This was objected to for the reason that the *adjuster* could not bind the defendant by anything he may have said to the witness. The objection was overruled and the witness stated that York made no objection to the loss and that he (the witness) demanded immediate payment; that York said he "Didn't see anything now but what the company justly owed it," but that he would "see the witness later about it."

Plaintiffs offered in evidence the following carbon copy of a letter received by Mr. Nixon:

"Registered letter.
"St. Louis, October 19, 1900.
"G. M. and Mrs. G. M. Sisk,
"Stoutland, Missouri.
"Loss 31415.
"Policy 930339, G. M. & · Mrs. G. M. Sisk.

"Your attorney, Mr. J. P. Nixon, of Lebanon, Missouri, has sent into this office, papers which he calls proof of loss by fire, which, it is stated, occurred September 13, 1900, of property described in policy No. 930339 of this company. We hold the same for verification and for investigation, but in the meantime reserve the right to object to, or to reject the same for any proper or valid reason.

"We now call your attention to the condition of the policy contained in lines 81 to 85, both inclusive, and the company now requires, as therein provided, that you submit to examination under oath, and subscribe to the same, and that you produce for examination all your books of account, bills, invoices and other vouchers, or certified copies thereof, if the originals have been lost, and permit abstracts thereof to be made. For the purposes above stated this company now designates its head office 415 Locust street, St. Louis, Missouri, as the place and the twenty-fifth day of October, 1900, as the time for the complying of these provisions of the policy. We want it understood that the company waives none of its rights under the conditions of the policy, but holds that the same shall be resorted to in order to determine the duties, rights and obligations of the parties interested.

"Yours very truly,
"President.

"Carbon copy mailed to Mr. J. P. Nixon, Lebanon, Missouri."

This was objected to because it was not signed by anybody.

G. M. Sisk testified that he had received the original of which this was a copy by registered mail; that he mailed the original to Mr. Nixon at Lebanon, Missouri. Nixon testified that he received the carbon copy but never received the original and did not have it. On this evidence the carbon copy was read in evidence. G. M. Sisk, over the objection of defendant, testified as fully as he could from memory of the contents of the proofs of loss.

In respect to the objection to this evidence, it is not out of place to say that it was the duty of the defendant to have the proofs of loss present if it considered them defective; that by not making any objection to the proofs of loss after they were furnished, the defendant waived any defect that they may have contained, and proof of their contents was unnecessary. In this connection it may also be remarked that defendant is in no position to make the objection, having had, as the court found, time to produce the proofs of loss, and having failed and refused to do so it should not be heard to object to secondary proofs of their contents.

Objections were made to other portions of the testimony, but we think they were without merit. Defendant could not withhold papers shown to be in its possession and which it had been notified and ordered by the court to produce, and at the same time object to evidence as to the contents of such papers.

It is contended that there is no evidence to show that David York was the agent of the company. In one of the objections made by defendant to York's statement, he is referred to as the *adjuster* of the company and in the evidence of Mr. Fauntleroy, another attorney of defendant, York was shown to have had the papers pertaining to this loss in his possession. It seems to us that defendant's counsel furnished all the evidence necessary to show that York was the adjuster of the company. As to the adjust-

ment of the loss, he (York) was the *alter ego* of the company and his admissions made at the time when he was examining plaintiffs' loss were the admissions of the company, and were, therefore, admissible in evidence.

It is also contended by appellant that there is no evidence that George T. Cram, who signed some of the letters read in evidence was an agent or officer of the company. The policy sued on was executed by him as president of the company. He is presumed to have continued to be its president in the absence of a contrary showing.

It is contended that there is no proof of the cash value of the property destroyed by fire. Sisk and wife both testified what they considered the value of the property was, and when one speaks of value they are understood to mean cash value. There was not, and could not be under the circumstances, proof of the exact value of the goods, for they had been destroyed. Sisk and wife had a better knowledge of the quantity and value of the goods than any one else could have. They gave their estimate of the value. No better proof was available and no countervailing evidence was offered by defendant. Defendant offered no evidence whatever, and there is not a ray of testimony anywhere to be found in the record that intimates that the loss was not an honest one, or that the plaintiffs were not the owners of the goods or that the goods were of less value than that placed upon them by the plaintiffs.

The evidence is that plaintiffs have complied with all the conditions of the policy to be performed on their part. The court correctly instructed the jury on the measure of damages. The damages assessed are supported by the evidence. The judgment is manifestly for the right party and should be affirmed. It is so ordered. *Goode, J.,* concurs; *Barclay, J.,* not sitting.