Barbara J. MILES, Administratrix of
the Estate of John Sherman Miles,
Plaintiff-Appellant,

v.

IOWA NATIONAL MUTUAL
INSURANCE COMPANY,
Defendant-Respondent.

No. WD 34508.

Missouri Court of Appeals,
Western District.

Aug. 8, 1984.

As Modified Nov. 27, 1984.

Application for Transfer Sustained
Dec. 18, 1984.

Case Retransferred May 10, 1985.

Court of Appeals Opinion Readopted
May 21, 1985.

Gene P. Graham, Independence, for plaintiff-appellant.

Joseph B. Bott, Kansas City, for defendant-respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

NUGENT, Judge.

Plaintiff Barbara J. Miles, administratrix of the estate of John Sherman Miles, deceased, appeals from a judgment entered upon a verdict directed by the court at the end of the plaintiff's case. The trial court directed the verdict upon the ground that plaintiff had failed to submit evidence of the filing of a proof of loss required by the provisions of the policy of fire insurance under which plaintiff claims. Affirmed.

On this appeal plaintiff presents three questions, but our ruling on the second of those points makes consideration of the other points unnecessary. In Point II, plaintiff complains that the trial court erred in "dismissing" her cause of action at the close of the plaintiff's case for failure to prove that plaintiff's decedent had furnished the defendant insurance company a proof of loss where the company had rejected the insured's claim. Plaintiff's other points relate to trial error unrelated to the dispositive issue raised in Point II.

Plaintiff's action arises out of the December 4, 1977, destruction by explosion and fire of plaintiff's decedent's building and its contents, tires. That property was covered by defendant's fire insurance policy. One provision of the policy requires that within sixty days after a loss, unless the time is extended by the company, the insured furnish the company a proof of loss. Another clause provides that no action on the policy "shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with...."

Plaintiff asserts that on January 12, 1978, John Sherman Miles executed a proof of loss and submitted it to the defendant insurance company. On March 16, 1978,

defendant's attorney, Joseph Bott, wrote to Miles and his attorney, Henry Fox, returning the proof of loss and notifying Miles that the insurance company rejected his proof of loss for three reasons: first, it did not accurately indicate the interest of the insured and all others in the property; second, that it was not accompanied by adequate records verifying the value of the lost items; and third, it did not contain the correct legal signature under oath of the person submitting it.

Miles died on November 26, 1978. His widow, the administratrix of his estate, retained her present attorney, Gene P. Graham. On March 21, 1979, Mr. Graham wrote to Mr. Bott asking him to explain the three reasons for rejecting Miles' proof of loss. By his April 13, 1979, letter, Mr. Bott answered that the company's position was that Miles, having made no reply to the letter returning his proof of loss, had accepted the company's rejection and had made no attempt to submit a corrected or amended proof of loss within a reasonable time, thereby abandoning his claim, precluding any further claim under the policy.

Thereafter, plaintiff brought this action on the policy alleging generally full compliance with all the terms and conditions of the policy. Defendant answered averring its rejection of Miles' proof of loss, his failure to refile a proper proof and his abandonment of the claim. Additionally, defendant's answer alleged fraud in the procurement of the policy, arson and concealment and misrepresentation of material facts about Miles' knowledge of the cause and origin of the explosion and fire, and about the amount, cost and source of the tires said to have been destroyed along with the building.

Ultimately, the case went to trial before a jury. The plaintiff called Mr. Bott who explained that his March 16, 1978, letter to Miles was not a denial of Miles' claim under the policy but was a rejection of the proof of loss because it was defective. Mr. Bott testified that no need arose to deny Miles' claim on the ground of arson because Miles had never perfected a claim by submitting a true and accurate proof of loss under oath giving the facts concerning ownership of the policy, the amount of the loss and the cause of the fire.

Immediately before the trial began, plaintiff objected to defendant's use at trial of defense counsel's examination of Miles under oath. The examination was made at some unspecified time in the presence of Miles' counsel and a court reporter and appears to have been pursuant to the provision of the fire insurance policy which reads in part as follows: "The insured ... shall ... submit to examination under oath by any person named by this Company, and subscribe the same...." In general terms, Mr. Bott described Miles' sworn statement as "his side and his testimony as to the loss, why he's making the claim and how he paid for the tires and the circumstances." At no place in the record is the sworn statement further described or set out. Plaintiff's counsel strenuously objected to admission into evidence of any part of the statement on the grounds that it was hearsay and use of it would violate the dead man's statute. The trial court overruled plaintiff's objections, but the occasion never arose for defendant to offer the statement or refer to it. Plaintiff's counsel made no use of the statement at trial.

Plaintiff's theory at trial appears to have been simply that Miles owned the insured property, insured the building for $15,000 and the contents for $20,000, suffered a total loss of both, made a claim against the defendant insurance company for the loss and submitted a proof of loss which the company rejected, thereby denying plaintiff's decedent's claim. Plaintiff offered no evidence of a specific denial of Miles' claim itself or of an offer by the company to settle the claim. Plaintiff made no attempt to show an explicit waiver of the proof of loss, or a failure to provide proof of loss forms. Plaintiff did not claim or show a continuation of the investigation for an unreasonable length of time, or any other act or course of dealing, other than rejection of the proof of loss, which plaintiff might have contended constituted a waiver by the

company of the necessity for the submission of a proper proof of loss.

Nor did plaintiff offer at any time the actual proof of loss form filled out, signed and submitted to the company by John Sherman Miles. That proof of loss was never admitted into evidence, nor was it set out in the pleadings of either party.

At the close of plaintiff's evidence, the trial court sustained defendant's motion for a directed verdict for the reason that plaintiff had failed to offer in evidence the proof of loss submitted to the insurance company, thereby failing to prove that Miles had complied with the terms of the policy requiring the submission to the company of a proof of loss. Accordingly, the trial court entered its judgment for the defendant.

Plaintiff's second point on appeal is premised upon the asserted rejection by defendant insurance company of Miles' and later plaintiff's claim under the policy. Plaintiff contends that the company's rejection of the proof of loss by Joseph Bott's March 16, 1978, letter constituted a denial of the claim. Mr. Bott testified that the company had done no more than reject and return a defective proof of loss, that until its answer was filed in this action the company had never denied liability.

The question presented is, therefore, whether defendant's March 16, 1978, or April 13, 1979, letters separately or together amounted to a denial of liability such as to make unnecessary the pleading and proof of submission of a proof of loss.

■ An appellate court reviewing the trial court's direction of a verdict in favor of the defendant at the close of the plaintiff's case must recall that directing a verdict is a drastic measure. The court must consider all the evidence then before the trial court in the light most favorable to the plaintiff, accepting as true that which is not entirely unreasonable, according to plaintiff the benefit of all favorable inferences and rejecting all unfavorable inferences generated by the evidence, and disregarding defendant's evidence except insofar as it aids plaintiff's case. *Jackson v.*

*Radtke,* 673 S.W.2d 40 (Mo.App.1984). If the evidence against the plaintiff's case is not so strong as to leave no room for reasonable minds to differ, a directed verdict will not stand. *Id.*

■ In an action on an insurance policy, a plaintiff insured must *plead* performance of the conditions of the policy requiring the insured to act or must show a sufficient excuse for nonperformance. *Harding v. State Farm Mutual Automobile Ins. Co.,* 448 S.W.2d 5, 7 (Mo.1969) (en banc); *Basye v. Ambrose,* 32 Mo. 484, 485 (1862); *Propst v. Capital Mut. Ass'n,* 233 Mo.App. 612, 124 S.W.2d 515, 520 (1939). A requirement that plaintiff also *prove* that which he is required to plead is implicit. Thus, an element of the insured's case is proof of compliance with (or the occurrence of) the policy's conditions for which plaintiff may substitute proof of an excuse for nonperformance. In a case where submission of a proof of loss is required by the policy, the plaintiff may excuse his nonperformance by proving, for example, a denial of liability by the insurer before the time for submitting the proof of loss has expired obviating the need to present a proof of loss on the claim. *Propst v. Capital Mut. Ass'n, supra,* 124 S.W.2d at 521–22; *Grafe v. Fidelity Mut. Life Ins. Co.,* 84 S.W.2d 400, 404 (Mo.App.1935); *Cullen v. Insurance Co. of North America,* 126 Mo.App. 412, 104 S.W. 117, 119 (1907); *Siegle v. Phoenix Ins. Co. of Brooklyn,* 107 Mo. App. 456, 81 S.W. 637, 638 (1904). Plaintiff may also show substantial performance or compliance with the proof of loss condition thus excusing literal performance. *Pannell v. Missouri Insurance Guaranty Ass'n,* 595 S.W.2d 339, 350–51 (Mo.App. 1980). The purpose of the proof of loss is to furnish to the insurer the facts of the case necessary to a determination of its liability. *Hughes v. Patriotic Ins. Co. of America,* 193 S.W.2d 958, 960 (Mo.App. 1946); *Schell v. Metropolitan Life Ins. Co.,* 3 S.W.2d 269, 271 (Mo.App.1928). In showing either the company's early denial of liability or substantial performance, of course, plaintiff is demonstrating a lack of prejudice to the insurer arising from plain-

tiff's failure to file a formal proof of loss. In *Pannell* this court found substantial compliance where the evidence showed that plaintiff had supplied the insurer by a recorded telephone conversation a sufficient and adequate basis to determine its liability under the policy. (We note in passing that in this case, plaintiff offered no proof of substantial compliance with the proof of loss condition. Before his death, Miles submitted to examination under oath by defendant's attorney, but the record does not disclose and plaintiff does not contend that he thereby substantially complied with the conditions of the policy by furnishing defendant with all the information it needed to determine its liability).

Courts of this state do not favor forfeitures, and conditions in an insurance policy barring action by the insured unless he has fully complied with the terms of the contract are "most strongly" construed against the insurance company. *Greer v. Zurich Insurance Co.*, 441 S.W.2d 15, 31 (Mo.1969); *see Schultz v. Queen Insurance Co.*, 399 S.W.2d 230, 234 (Mo.App. 1965). In the case of the policy provision requiring the insured to furnish the company a proof of loss, the company must walk a straight and narrow path, else it will waive the requirement. A waiver may be inferred from the conduct and course of dealing of the insurer leading the insured to believe that proofs of loss are unnecessary, *Loewenstein v. Queen Ins. Co.*, 227 Mo. 100, 127 S.W. 72, 75–76 (1909); *Burgess v. Mercantile Town Mut. Ins. Co.*, 114 Mo.App. 169, 89 S.W. 568, 572–73 (1905). Even the act of the fire insurer subjecting the insured to an examination under oath as to the occurrence may constitute a waiver. *Enos v. St. Paul Fire & Marine Ins. Co.*, 4 S.D. 639, 57 N.W. 919 (1894). The company waives submission of a proof of loss by denial of all liability before the time for filing the proof expires, as we noted above. It may waive literal compliance by failing to request a verified statement from the insured who within two weeks of the event made a recorded telephonic report of the accident and was available and had willingly complied with other specific requests. *Miller v. State Farm Mutual Ins. Co.*, 603 S.W.2d 69, 70 (Mo.App.1980). Once the company has waived the proof of loss condition, it may not revive the condition or withdraw its waiver and insist upon compliance with the provision without the insured's consent. *Ball v. Royal Ins. Co.*, 129 Mo.App. 34, 107 S.W. 1097, 1099 (1908); *Brownfield v. Mercantile Town Mutual Ins. Co.*, 84 Mo.App. 134, 139 (1900).

Moreover, even where the insured has furnished the company with something purporting to be a timely proof of loss, the company has the duty of advising the insured of any defect or insufficiency in the submission. *Sturgis v. American Hospital & Life Insurance Co.*, 174 S.W.2d 917, 919 (Mo.App.1943); *Sisk v. American Central Fire Ins. Co.*, 95 Mo.App. 695, 69 S.W. 687, 691 (1902). The company may not neglect to object to a defective proof of loss until plaintiff's case comes to trial long after the period for submission of the proofs has expired and then deny liability on some other ground. *Sims v. State Insurance Company*, 47 Mo. 54, 60 4 Am. Rep. 311 (1870).

The only safe and fair course for an insurer to follow when presented with a defective proof of loss is promptly to return the proof of loss to the insured, advising the insured of its defects and insufficiencies and extending to the insured a reasonable time to cure the defects. In this case, the defendant insurance company did exactly that and nothing more or less. After specifying the deficiencies in the submitted proof of loss, Mr. Bott's March 16, 1978, letter to the insured implicitly invited or at least clearly left it up to Miles to submit a new or corrected proof of loss.

Where the insurer rejects a proof of loss and calls to the policy holder's attention the inadequacies of the submission, the ball is in the insured's court, and he must act to comply with the conditions of the policy or not at his own risk. In this case, the insured did nothing between April, 1979 and his death in November, perhaps because in the meantime the mat-

ter was under investigation by a federal grand jury and the less he said the better. Nevertheless, Miles and his representative had ample time to submit an amended proof of loss or to protest the company's rejection of the January 12, 1978, proof of loss and to assert that it was correct. and proper. They never did. Had they done so, the question here would be quite different.

■ In any event, the insurer here did all that it should have done under the circumstances, and its action rejecting the proof of loss was not shown by plaintiff's evidence to be a denial of the claim.

■ The rejection of the tendered proof of loss on March 16, 1978, could not have been found to be a denial of the claim absent evidence in plaintiff's case that the proof of loss was sufficient to comply with the condition of the policy or to have furnished the insurer the facts from which it could determine its liability. For example, if Miles' proof of loss had been obviously and undeniably defective, the company's mere return of it accompanied by a letter setting out its defects, as a matter of law, could not have been a denial or a waiver. But if the company had rejected a proper and timely proof of loss, of course, the trier could have found its rejection to be a denial or a waiver of further filing of a proof of loss. No jury could have made that finding without seeing the proof of loss Mr. Miles actually filed. The plaintiff failed to put Mr. Miles proof of loss in evidence. Consequently, she failed to prove an essential fact—the filing of a proper proof of loss—necessary to show that the defendant's rejection was a denial or a waiver.

■ Nor was Mr. Bott's April 13, 1979, letter replying to Mr. Graham's inquiry a denial of liability of the kind which would waive the insured's failure to file a timely and proper proof of loss. As a matter of law, a waiver of the conditions of the policy as to proof of loss absent elements of estoppel cannot be based on a denial of liability made after the time for presenting the proof of loss has expired.

*Grafe v. Fidelity Mut. Life Ins. Co., supra*, 84 S.W.2d at 404.

■ For the foregoing reasons, we hold that defendant's letters of March 16, 1978, and April 13, 1979, were not shown by plaintiff's evidence to be and did not constitute denials of liability amounting to a waiver of the proof of loss condition. Therefore, proof of the filing of a proof of loss was essential to plaintiff's case, and plaintiff's failure to prove submission of a proof of loss which complied with the condition of the policy was fatal to her case.

Accordingly, we affirm the judgment of the trial court.

All concur.