**Anthony J. DePALMA, Appellant,**

v.

**BATES COUNTY MUTUAL INSURANCE COMPANY, Respondent.**

**No. WD 51293.**

Missouri Court of Appeals,
Western District.

March 19, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1996.

Application to Transfer Denied
June 25, 1996.

Stephen K. Nordyke, Butler, for appellant.

Dale L. Davis, Springfield, for respondent.

Before SPINDEN, P.J., and BERREY and LAURA DENVIR STITH, JJ.

SPINDEN, Presiding Judge.

When someone—apparently his wife—burned down his house, Anthony J. DePalma asked the house's insurer, Bates County Mutual Insurance Company, to reimburse him for the loss. When Bates County Mutual refused, DePalma sued the insurance company. The circuit court granted summary judgment for Bates County Mutual finding that no genuine issues existed under DePalma's petition which would entitle him to recover under the insurance policy. DePalma appeals, and we reverse and remand for further proceedings.

On September 29, 1992, Bates County Mutual issued a policy to DePalma and his wife, Janet DePalma, insuring their house, which they owned as tenants by the entirety, and its contents. The policy named DePalma and his wife as insureds.

About a year later, on September 7, 1993, fire destroyed the house, insured for $30,000, and $13,577.89 worth of personal property. DePalma admitted that his wife's "personal actions were directly responsible for the fire" and that she had, therefore, forfeited any right of recovery. He still claimed proceeds for himself because he divorced his wife after the fire, and she had waived her interest to the property and to any insurance proceeds in the divorce proceedings.

When Bates County Mutual refused to pay his claim, DePalma sued it on August 22, 1994, and amended his petition on January 25, 1995.[1] Bates County Mutual filed a motion to dismiss DePalma's amended petition. The circuit court advised the parties it would deem the motion to be a motion for summary judgment. On June 19, 1995, based on the amended petition, DePalma's answers to Bates County Mutual's request for admissions, and oral and written arguments, the circuit court granted summary judgment for Bates County Mutual. The court ruled that "no genuine issues exist under the allegations of [DePalma's] Amended Petition which would entitle [DePalma] to a recovery against defendant Bates County Mutual Insurance." [2]

The parties frame the issue: whether an innocent spouse may recover for loss to property owned by the couple as tenants by the entirety but destroyed intentionally by the other spouse under an insurance policy is-

---

1. In the amended petition, DePalma added Janet DePalma as a defendant and sought the circuit court's determination that she had forfeited and waived any interest in the property and in the cause of action.

2. The circuit court did not determine any of the issues relating to Janet DePalma; however, the court did specifically find that no just reason for delay existed and adjudged the order final.

sued jointly to the couple. This is a case of first impression. Missouri courts have addressed the issue only in *dicta*. *See Wilson v. Concordia Farmers Mutual Insurance Company,* 479 S.W.2d 159 (Mo.App.1972); *Childers v. State Farm Fire and Casualty Company,* 799 S.W.2d 138 (Mo.App.1990).

In *Wilson,* a husband and wife engaged in a joint enterprise in burning their house down and in filing a proof of loss claim with the insurance company. The court concluded that it did not need to "explore the application here of the generally accepted doctrine that in the case of a joint policy covering joint property, not even an innocent co-owner may recover if the other co-owner is guilty of wrongful conduct." 479 S.W.2d at 161.

In *Childers,* this court's Eastern District considered a policy which said, "This entire policy shall be void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance." The court concluded that this provision unambiguously declared that the appellants' rights were jointly, rather than severally, held. The court said, "By stating that the entire policy is void when *any* insured intentionally conceals a material fact or circumstance, the insurance contract clearly makes either appellants' recovery contingent upon the others conduct." *Id.* at 141 (emphasis in the original). The court concluded, however, that neither party was an innocent co-insured because both violated the policy's terms by making a fraudulent claim. The court, acknowledging appellants' argument that an innocent co-insured should be allowed to recover, said:

> Appellants believe the law of this state should allow the rule permitting an innocent co-insured to recover. This court recognizes that in *Haynes v. Hanover Insurance Companies,* 783 F.2d 136, 138 (8th Cir.1986), the 8th Circuit expressed the view Missouri would permit an innocent co-insured to recover for damages resulting from a co-insured's arson.... However, the Missouri Supreme Court has never determined the issue, and the Missouri Court of Appeals tends to support the view

> that an innocent spouse may not recover. *Wilson,* 479 S.W.2d 159 at 161.

*Childers,* 799 S.W.2d at 141.

As recognized by the *Childers* court, the Eighth Circuit Court of Appeals has also considered recovery of insurance proceeds by an innocent co-owner. In *Haynes v. Hanover Insurance Companies,* 783 F.2d 136, 138 (1986), the court said:

> The Missouri courts have not decided whether misconduct by one insured in violation of insurance policy provisions voids the policy as to an innocent co-insured who has an interest in the covered property. A split of authority exists on this question....

> We think the better view and the position more likely to be adopted by the courts of Missouri when the question is addressed is expressed in the ... line of authority permitting recovery by an innocent co-insured. These decisions reason that a rule which would impute the wrongful acts of one insured to a co-insured spouse merely because of the marital relationship is outdated and unduly harsh. With respect to a fire insurance policy covering the interests of more that one insured, each would have a reasonable expectation that the carrier had undertaken a severable and distinct obligation as to the insureds' respective individual interests in the property. Absent contractual provisions to the contrary, such expectations should be honored. Therefore, misconduct voids only the wrongdoer's interest in the insurance policy and does not operate to defeat the separate interests of an innocent co-insured.

The Eighth Circuit, however, in *Amick v. State Farm Fire and Casualty Company,* 862 F.2d 704 (1988), denied coverage to an innocent co-insured because of a policy provision which said, "If you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss, then this policy is void as to you and any other insured." The *Amick* court held:

> Our research has not found, and counsel has not cited, any Missouri statute or case

holding that public policy prohibits insurers from barring recovery by innocent co-insureds if any other insured commits fraud in connection with a claim. Several jurisdictions have held similar policy provisions are not against public policy because insurance providers should be able to refuse to bear the risk of loss to property intentionally caused by an insured. . . .

The key factor is whether the policy provision barring recovery by innocent co-insureds is clear and unambiguous. The State Farm insurance policy unambiguously denied recovery to "you and any other insured" in the event "you or any other insured" commit fraud or misrepresent material facts. ·

*Id.* at 706.

■ The common thread in these cases is that an insurance policy's unambiguous language dictates. Indeed, an insurance policy is a matter of contract between the insured and an insurer. The courts should review an insurance policy the same as they would any contract and give operation to the agreement's terms. *Peters v. Employers Mutual Casualty Company*, 853 S.W.2d 300, 301–02 (Mo. banc 1993). This is the approach of the vast majority of jurisdictions.[3]

■ In its argument to this court, Bates County Mutual relied solely on policy endorsement form MM–17 (1–91) as its reason for denying DePalma's claim. It does not point to any other provision which it contends blocks recovery. The provision said, "If you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relat-

ing to this insurance, whether before or after a loss, then this policy is void as to you and any other insured." Giving this provision its plain and ordinary meaning, it denied recovery to any insured if *any* insured committed fraud or misrepresented material facts. Hence, if either DePalma or his wife committed fraud or misrepresented material facts, Bates County Mutual's policy prohibited both of them from recovering under the policy without regard to whether one of them was innocent of wrongdoing.

The problem for Bates County Mutual, however, is that this provision does not seem to apply to DePalma's claim. We find nothing in the record suggesting that DePalma or his wife intentionally concealed or misrepresented anything. If this was the basis for the circuit court's summary judgment for Bates County Mutual, it was improper. Arson does not equate to fraud—something more is needed.[4] To be entitled to summary judgment based upon the fraud and concealment provision, Bates County Mutual was obligated to establish that DePalma or his wife "intentionally concealed or misrepresented" a material fact or circumstance relating to the insurance. Bates County Mutual did not; therefore, summary judgment was improper.[5]

We reverse the circuit court's granting summary judgment for Bates County Mutual and remand for further proceedings.

All concur.

**3.** Courts look to the language of the specific policy to determine whether the interests under the policy are joint or several and if joint, recovery is denied even to an innocent spouse. See *Vance v. Pekin Ins. Co.*, 457 N.W.2d 589 (Iowa 1990); *Ryan v. MFA Mutual Ins. Co.*, 610 S.W.2d 428 (Tenn.App.1980); *Noland v. Farmers Ins. Co., Inc.*, 319 Ark. 449, 892 S.W.2d 271 (1995); *McAllister v. Millville Mutual Insur. Co.*, 433 Pa.Super. 330, 640 A.2d 1283 (1994); *Dolcy v. Rhode Island Joint Reinsur. Assoc.*, 589 A.2d 313 (R.I.1991).

**4.** We recognize that other jurisdictions have held that arson is a fraudulent act. See *Short v. Okla. Farmers Union Ins. Co.*, 619 P.2d 588, 590 (Okla. 1980). We believe, however, that the better view

is that something more than just the act of arson is necessary to establish fraud. See *Sales v. State Farm Fire and Cas. Co.*, 849 F.2d 1383 (11th Cir.1988).

**5.** From its order, the circuit court granted summary judgment because no genuine issues existed under DePalma's petition which would entitle him to recovery against Bates County Mutual. In arguing that summary judgment was improper, however, DePalma also asserts that the circuit court could not have dismissed his amended petition for failure to join Janet DePalma as an indispensable party plaintiff. On appeal, Bates does not even contend that the circuit court could have granted summary judgment on this ground; hence, we do not address the issue.