Anthony J. DePALMA, Respondent,

v.

BATES COUNTY MUTUAL INSURANCE COMPANY, Appellant,

and Janet DePalma, Defendant.

No. WD 57329.

Missouri Court of Appeals, Western District.

July 25, 2000.

As Modified Aug. 29, 2000.

Stephen K. Nordyke, Butler, for respondent.

Robert D. Lewis, Springfield, for appellant.

Before: EDWIN H. SMITH, P.J., and HOWARD and HOLLIGER, JJ.

VICTOR C. HOWARD, Judge.

Bates County Mutual Insurance Company appeals the trial court's judgment directing a verdict at the close of all the evidence for Anthony J. DePalma, who sued the insurance company for recovery of his losses from a 1993 fire which destroyed his residence.

We affirm in part, reverse in part, and remand.

Facts

On September 29, 1992, Bates County Mutual issued an insurance policy to DePalma and his wife, Janet DePalma, insuring their house, which they owned as tenants by the entirety, and its contents. The policy named DePalma and his wife as insureds.

About a year later, on September 7, 1993, fire destroyed the house, insured for $30,000, and $13,577.89 worth of personal property. DePalma admitted that his wife was directly responsible for the fire and that she had, therefore, forfeited any right of recovery under the insurance policy. DePalma, however, sought reimbursement for his loss under the insurance policy as an "innocent spouse." He said that, because he had no involvement in setting the fire and did not conceal from Bates County Mutual that his now-divorced wife had set the fire, Bates County Mutual should cover his share of the loss. When Bates County Mutual refused to pay his claim, DePalma sued.

The trial court initially granted summary judgment for Bates County Mutual, and DePalma appealed. This court reversed the trial court's judgment in *DePalma v. Bates County Mutual Insurance Company*, 923 S.W.2d 385, 388 (Mo.App. W.D.1996) ("*DePalma I*"). In that case, this court addressed the issue of "whether an innocent spouse may recover for loss to property owned by the couple as tenants by the entirety but destroyed intentionally by the other spouse under an insurance policy issued jointly to the couple." We held that an insurance policy's unambiguous language determines the issue. *Id.*

In denying coverage, Bates County Mutual relied solely on its policy's provision

that "[i]f you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss, then this policy is void as to you and any other insured." *Id.* This court ruled that this provision meant that if either DePalma or his wife committed fraud or misrepresented material facts, the insurance policy prohibited both of them from recovering under the policy without regard to whether one of them was innocent of wrongdoing. We determined, however, that the provision did not apply to DePalma's claim because nothing in the record suggested that DePalma or his wife intentionally concealed or misrepresented anything. *Id.* This court ruled that arson "does not equate to fraud" and, to be entitled to summary judgment based on the policy provision, Bates County Mutual was obligated to establish that DePalma or his wife "intentionally concealed or misrepresented" a material fact or circumstance relating to the insurance. *Id.* Because nothing in the record established this, this court ruled that summary judgment was improper, and we reversed and remanded for further proceedings. *Id.*

After the remand, the trial court convened a trial. The trial court sustained DePalma's motion for directed verdict at the close of the evidence on the grounds that the evidence did not establish that DePalma had breached the insurance policy or, if there was a breach, the breach was not material to the contract and was not the cause of Bates County Mutual's denial of the claim. The trial court also held that Janet DePalma could not recover under the insurance policy because she had intentionally destroyed the insured property. The court found that Anthony DePalma was entitled to recover half of the value of the personal property destroyed ($6,788.95), the principal and interest due on the house's mortgage on the day of the fire or the amount of the policy's dwelling coverage, whichever was less,

plus nine percent interest from the date of judgment. This appeal follows.

## Point I

In its first point on appeal, Bates County Mutual argues that the trial court erred in denying its motions for directed verdict, judgment notwithstanding the verdict and motion for new trial because DePalma was barred, as a matter of law, from recovering under the insurance policy. Bates County Mutual asserts that because the undisputed evidence established that one of the co-insureds intentionally set the fire, DePalma could not recover under the policy because the couple jointly owned the property and because the policy's named insured was a single entity consisting of the marital community of Anthony and Janet DePalma.

The question of whether a spouse not participating or ratifying an arson by the other spouse is barred as a matter of law from recovery was decided in *DePalma I*. That determination is, with limited exceptions, the law of the case as to issues that were raised or could have been raised in the first appeal. *State ex rel. Missouri Highway and Transp. Comm'n v. McDonald's Corp.*, 934 S.W.2d 10, 12 (Mo. App. E.D.1996). A review of the briefs in *DePalma I* indicates that in fact the same theory was raised and rejected. The only difference is that Bates County Mutual has since discovered another decision upon which to base the same argument. Point I is denied.

## Point II

In its second point, Bates County Mutual contends that the trial court erred in directing a verdict for DePalma at the close of all of the evidence and in overruling its motion for judgment notwithstanding the verdict and, in the alternative, its motion for new trial because sufficient evidence existed from which a fact finder could have concluded that DePalma intentionally concealed or misrepresented a material fact. Bates County Mutual asserts

that DePalma submitted a signed, sworn statement to Bates County Mutual in a proof of loss form and represented that "the said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void." DePalma also left blank the question which asked what was the cause and origin of the fire. Bates County Mutual asserts that DePalma made these representations and concealments at a time when he knew that his wife, an insured, had intentionally set the house on fire.

"A directed verdict is a drastic action to be taken sparingly and only where reasonable persons in an honest and impartial exercise in their duty could not differ on a correct disposition of the case." *Oak Bluff Partners, Inc. v. Meyer,* 3 S.W.3d 777, 783 (Mo. banc 1999). "If the facts are such that reasonable minds could draw differing conclusions, the issue becomes a question for the jury, and a directed verdict is improper." *Crabtree v. Bugby,* 967 S.W.2d 66, 70 (Mo. banc 1998). In reviewing whether the trial court erred in directing the verdict in DePalma's favor, we review the evidence and reasonable inferences in the light most favorable to Bates County Mutual. *Wessler v. Wessler,* 610 S.W.2d 650, 651 (Mo.App. E.D.1980).

The insurance agreement provides as follows: "If you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss, then this policy is void as to you and any other insured." All of the alleged misrepresentations or concealments are contained in the proof of loss statements. However, the record indicates that Bates County Mutual never accepted a proof of loss statement from DePalma.

On September 14, 1993, Bates County Mutual, through their adjusters, Wickizer & Clutter, Inc., sent the DePalmas proof of loss and inventory forms to complete. DePalma's counsel sent the completed proof of loss and inventory forms to Wickizer & Clutter, Inc. on November 2, 1993. On November 9, 1993, Wickizer & Clutter, Inc. sent a letter to the DePalmas stating that they had received DePalma's proof of loss documents, and were "expressly rejecting them as a proper Proof of Loss since they do not comply with the provisions of your policy of insurance with Bates County Mutual Insurance Company." On December 20, 1993, Wickizer & Clutter, Inc. sent the DePalmas a letter stating that they had not yet received the completed proof of loss and inventory forms from them. On January 19, 1994, DePalma's counsel sent another set of completed proof of loss and inventory forms to Bates County Mutual's counsel. On January 26, 1994, Bates County Mutual's counsel sent DePalma's counsel a letter stating that the proof of loss statement was still incomplete because it was not signed by Janet DePalma. In that letter, Bates County Mutual's counsel "reserve[d] the right to reject the Proof" until he heard from DePalma's counsel. On February 16, 1994, Wickizer & Clutter, Inc. sent another letter to the DePalmas stating that they had not yet received proof of loss and inventory forms from them. On March 15, 1994, Bates County Mutual's counsel sent a letter to DePalma's counsel containing the following language: "We have never heard from you since my letter to you dated January 26, 1994. Since you have not responded to the inquiry, we are returning the purported proof which was attached to your letter dated January 19, 1994. This is being returned to you pursuant to Mr. Kuticka's proof rejection letter." On March 22, 1994, DePalma's counsel sent Bates County Mutual's counsel a letter stating that it was DePalma's position that he adequately fulfilled his obligations under the policy. On April 11, 1994, Bates County Mutual's counsel sent DePalma's counsel a letter stating that DePalma had "not met contract conditions and the Sworn Statement in Proof of Loss must be prepared in line with Mr. Kuticka's rejec-

**770**

tion letter." In its answer to DePalma's petition for damages, Bates County Mutual stated that DePalma had failed to submit a valid proof of loss statement.

■ "Courts of this state do not favor forfeitures, and conditions in an insurance policy barring action by the insured unless he has fully complied with the terms of the contract are 'most strongly' construed against the insurance company." *Miles v. Iowa Nat'l Mut. Ins. Co.*, 690 S.W.2d 138, 143 (Mo.App. W.D.1984) (citations omitted).

> The only safe and fair course for an insurer to follow when presented with a defective proof of loss is promptly to return the proof of loss to the insured, advising the insured of its defects and insufficiencies and extending to the insured a reasonable time to cure the defects.... Where the insurer rejects a proof of loss and calls to the policy holder's attention the inadequacies of the submission, the ball is in the insured's court, and he must act to comply with the conditions of the policy or not at his own risk.

*Id.*

Because DePalma's proof of loss statements were rejected by Bates County Mutual, they never became part of the claim. Therefore, we find that DePalma's assertions, or lack thereof, in his rejected proof of loss statements cannot be the basis for Bates County Mutual's claim that DePalma concealed or misrepresented anything in violation of the insurance agreement. *See Omaha Paper Stock Co. v. California Union Ins. Co.*, 200 Neb. 31, 262 N.W.2d 175, 179 (1978) (finding that where an insurance company rejected an insured's proof of loss statements, it could not have relied on or been prejudiced by the insured's misrepresentations in a record supporting the rejected proof of loss statements). Point II is denied.

1. The vast majority of courts which have reached this issue, and which have allowed recovery at all, have held that the innocent coinsured may only recover one-half of the insurance proceeds, up to the policy limits.

### Point III

■ In its third point on appeal, Bates County Mutual argues that the trial court erred in entering judgment in favor of DePalma with regard to the dwelling coverage in the amount of $30,000 and in overruling its motion for judgment notwithstanding the verdict and alternative motion for new trial because any judgment in DePalma's favor should have been limited to $15,000, fifty percent of the dwelling coverage.

The amount of the dwelling coverage was $30,000. At the time of the loss, DePalma and his wife owned the dwelling as tenants by the entirety. The insurance agreement provides that "this Company does insure the insured ... to the extent of the actual cash value ... of the property at the time of loss or damage ... nor in any event for more than the interest of the insured...." Because DePalma may only recover his interest in the property, we find that he is entitled to one-half of the amount of the dwelling coverage under the policy.[1] Point III is granted.

The judgment of the trial court is affirmed as to the directed verdict in favor of DePalma, and reversed as to the award of damages and remanded for the trial court to enter a damages award in favor of DePalma for the dwelling coverage in the amount of $15,000, the personal property coverage in the amount of $6,788.95, prejudgment interest from January 8, 1994, and post-judgment interest as provided by law.

EDWIN H. SMITH, P.J., and HOLLIGER, J., concur.

*Atlas Assur. Co. of America v. Mistic*, 822 P.2d 897, 901 (Alaska 1991), quoting *Lewis v. Homeowners Ins. Co.*, 172 Mich.App. 443, 432 N.W.2d 334 (1998) (footnote omitted).